## Commonwealth *v.* Logan, Appellant.

366

Argued September 29, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Willis A. MacDonald,* for appellant.

*Clark H. Painter,* District Attorney, for appellee.

OPINION BY HIRT, J., January 20, 1953:

The indictment in this case charged defendant with setting up a lottery, and with managing, conducting and carrying on the same, in violation of Section 601 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4601. He was found guilty by a jury on both counts and a single sentence, to pay a fine of $150, was imposed. In this appeal from the refusal of a new trial it is not contended that the lower court is chargeable with trial errors; the questions raised by appellant

all go to the sufficiency of the evidence upon which the defendant was convicted.

The Logan Candy Company, a wholesale candy dealer, has its principal place of business on Cunningham Street in Butler. It also owns a large garage building on North Cedar Street which it uses in conjunction with its business for the storage of merchandise. On January 9, 1951, a detail of the Pennsylvania State Police went to both buildings for the purpose of making a routine investigation to determine whether punch boards or other lotteries were possessed by the company in violation of The Penal Code. At the Cunningham Street address officer Linhart contacted the defendant Samuel R. Logan a member of the Logan Candy Company. Linhart testified that he had search warrants for both buildings and that this defendant, when so informed, said that: "He had moved all his punch boards to the North Cedar address". He conducted Linhart to the company's warehouse on North Cedar Street and there disclosed to the police officers a large quantity of punch boards with cards and other accessories used in their operation. After this material had been seized and loaded on a truck by the police, defendant said to them: "that he would be the one responsible for answering the charge as an officer of the company . . . He would be the one that would answer the charge for the punch boards". The property seized by the officers, when inventoried, was found to be "4393 red punch boards and picture cards and different types of punch boards".

In a previous raid on December 19, 1950, a State Police officer found a Bingo punch board set up on the counter of Roy Edens Service Station and Grocery in Butler County. At 5 cents a punch a player had a chance of winning a maximum of $9.45 on this type of board although the operator could fix the jackpot at

any amount. With the Bingo board the officer also seized three extra fillers to be used in succession on the board when the one in play was punched out. Eden gave to the officer a receipted invoice from the Logan Candy Company showing a charge to him of $10 for 5 Bingo punch boards which included the one in operation found by the officer. On a charge of setting up the lottery Eden pleaded guilty and paid a fine. On the same day, also, the State Police found a punch board in play in the service station of John W. Custead near Butler. He had bought it from Logan Candy Company and when he was charged with setting up a lottery based upon the sales of chances on this punch board he too pleaded guilty.

A police officer identified and described punch boards of other types which had been seized in the warehouse of Logan Candy Company and had been taken to the police barracks. Among them were Horse Racings boards which cost $8.00 each, on which at 10 cents a punch the possible amount which could be won ranged from $15 down to $3.00. Another board had a total take of $252 and paid out $158 showing a possible gross profit of $94. There were Easter Season boards with 2,000 punches on which the operator determined the cost of play and selected appropriate Easter prizes for the winners. Other boards had no prizes attached but it is a fair inference that these as well as the prizes on the Easter boards would be supplied in candy or other merchandise by the Logan Company. Of much significance, bearing on the question of the criminal liability of the defendant, is the fact that many of the punch boards were money boards with actual coins mounted in the boards; on one of them there were silver dollars. On another type of money board 2,000 punches at 5 cents would produce a profit of $50 to the operator.

It is clear that, under the definition of *Commonwealth v. Lund,* 142 Pa. Superior Ct. 208, 15 A. 2d 839, all of the punch boards identified and described by the Commonwealth witnesses in this case, are lotteries in contemplation of law. In each of them three essential elements were present: a prize was to be won; the winner was to be determined by chance, and the payment of a consideration by the player was contemplated. A punch board in the present stage of its extended uses cannot be regarded as an innocuous device. This is recognized by §604 of the Code, 18 PS §4604 which classifies punch boards with slot machines as gambling devices and makes the assembling and manufacture of them a misdemeanor when intended to be so used. Cf. *Commonwealth v. Cohen,* 169 Pa. Superior Ct. 84, 82 A. 2d 325.

The defendant was convicted on both charges in a general verdict and but one sentence was imposed. Accordingly, if the verdict is valid as to either count in the indictment, the sentence may not be set aside since it does not exceed the maximum penalty which could have been imposed. *Commonwealth v. Amato,* 148 Pa. Superior Ct. 151, 24 A. 2d 681; *Commonwealth v. Harrison,* 137 Pa. Superior Ct. 279, 8 A. 2d 733. We therefore may pass the question whether the proofs are sufficient, under the present indictment, to convict the defendant as accessory or otherwise, of setting up a lottery, and refer to the second count in the indictment upon which the defendant, in our view, was properly convicted. As to that charge, §601 of The Penal Code provides: "Whoever, . . . is *in any way concerned* in the managing, conducting or carrying on the same, [i.e., any lottery] is guilty of a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine not exceeding five hundred dollars, or undergo imprisonment, by separate or solitary confinement at labor,

not exceeding one (1) year, or both". (Emphasis ours).

Manufacturers and promoters of gambling devices are experts in law evasion and undoubtedly their past successes in circumventing specific legislative definition of gambling in its various forms, prompted the use of general language in §601 of the 1939 Act. Under the circumstances presented by the evidence in the instant case all of the punch boards, seized by the State Police, constituted integral components of lotteries "for monies, goods, wares or merchandise" and were either gambling devices per se or were intended to be so used when put into the hands of retail dealers by the Logan Candy Company. This intended unlawful use was a fair inference from all of the circumstances including the fact that in at least two instances shortly before the raid, the company had sold punch boards, intended to be used as lotteries in violation of the law which were actually set up by the purchaser for that unlawful purpose. From the possession of the punch boards, with this intent, for which the defendant accepted full responsibility, the company "in . . . [a very definite] way was concerned in the managing, conducting or carrying on" of lotteries in violation of the law, as charged in the second count of the indictment. *Com. v. Wade,* 156 Pa. Superior Ct. 88, 39 A. 2d 460.

Judgment of sentence, in appeal number 40, affirmed and the defendant is ordered to appear in the court below at such time as he may be there called for compliance with the sentence imposed.

In a second appeal the defendant, Samuel R. Logan, seeks a reversal of the order of the lower court directing the destruction of the 4,393 punch boards, as unlawful gaming devices, which had been seized by the police officers on the execution of the search warrant on January 9, 1951. These are the punch boards re-

ferred to in our opinion, supra, in which we sustained the conviction of the defendant on a charge of being concerned in the managing, conducting or carrying on lotteries.

The forfeiture proceeding was initiated by petition of the District Attorney. It is no objection to the validity of the order that it is based wholly on the testimony adduced at the trial of the defendant for violations of §601 of the Act of June 24, 1939, P. L. 872, 18 PS §4601. The appellant had notice of the petition for forfeiture and destruction of the punch boards, but did not file an answer either before or after the return day of the rule granted on the petition by the court. The punch boards involved are those for which the defendant had assumed full responsibility as an officer of the Logan Candy Company. Notice to him as an officer was notice to the company and the requirements of the law were complied with in that respect. The defendant offered no testimony in his defense on the trial of the criminal charges and at the time fixed for final disposition of the rule for forfeiture he had the opportunity of rebutting the averments of the petition by competent evidence but he did not offer to produce testimony in that proceeding either on his own behalf or on behalf of his company.

Appellant does not question the procedure; he contests the legality of the order on the single ground that the punch boards seized in the warehouse of the Logan Company were never actually used for unlawful gaming. The fact that they were not so used is not controlling under the circumstances; the important consideration is that many of the punch boards were per se gambling devices and on the basis of the evidence all were intended to be used for gambling. Since under the evidence the punch boards were gambling devices they are outlaw property and may be confiscated

and destroyed although never actually used for the illegal purposes for which they were intended. *Commonwealth v. Kaiser,* 80 Pa. Superior Ct. 26. Cf. *Urban's Appeal,* 148 Pa. Superior Ct. 101, 113, 24 A. 2d 756. *Commonwealth v. Handmore,* 60 Dauphin Co. Rep. 416, is identical in principle with the phase of the instant case involved in this appeal. There Judge WOODSIDE reviewed the law applicable to the forfeiture and destruction of similar punch boards as gambling devices. We are in entire accord with the holding of that case to the effect that the court may order the destruction of punch boards when they are shown to be gambling devices, regardless of whether the boards were set up or otherwise actually employed for unlawful gaming. *Wigton's Return,* 151 Pa. Superior Ct. 337, 30 A. 2d 352, on which appellant strongly relies is not controlling.

Order in appeal number 41, affirmed.