Opinion by
 

 Montgomery, J.,
 

 The appellant-defendant, Joseph V. Fiorini, was found guilty by a jury and sentenced for being concerned in the operation of a lottery in violation of section 601 of The Penal Code, Act of June 24, 1939, P. L.
 
 *91
 
 872, 18 P.S. 4601. Appellant’s arrest resulted from the search of a building, known as 872 North Eighth Street in the City of Beading, made by the police with a search warrant. The search uncovered large quantities of paraphernalia commonly used in the operation of a lottery business. ■ Appellant came upon the premises during the raid; and a Federal Special Tax Stamp issued to him was publicly displayed on the wall of the room immediately adjacent to the entrance of the building. The title to the property was recorded in appellant’s name, the deed to him in describing the property referred to it as 872 North Eighth Street. The search warrant
 
 [1]
 
 had been issued by an alderman of the City of Beading on the oath of Charles S. Wade, Chief of Police, Reading Police Department.
 

 Prior to the trial appellant filed a motion to quash the search warrant and to suppress the evidence secured thereunder, alleging that the warrant had been improperly issued and that the search covered portions of the premises beyond the scope of the warrant. The decision on this motion, after argument, was reserved for the trial judge who, at the time of trial, refused the motion. Appellant now questions the propriety - of both the procedure and that action of the court.
 

 Although Berks County had no established rule of procedure to follow at this time, its action in referring the motion relating to the search warrant to the trial judge was the same as subsequently prescribed by Pa. R. Crim. P. 2001(h) in situations where the court of a prosecuting county receives such an application
 
 *92
 
 for relief during trial. In such, instances the trial court is directed to submit to the jury disputed issues of fact, “. . . as in the case of disputed confessions in criminal court”. Although the court of prosecution is authorized under Rule 2001(e) to dispose of such motions, timely filed before trial, without submitting disputed issues of fact to a jury, we cannot, in the present case, see any prejudice to appellant by the procedure employed in his case. Generally litigants allege prejudice because they have been denied the benefit of a jury’s consideration of their contentions. Furthermore, appellant made no objection to such procedure at the time of trial. In fact, he renewed his motion to suppress at that time; and his counsel conducted the cross-examination of Commonwealth witnesses in relation to the motion. It is now too late for him to allege error because of procedure.
 
 Ryan v. Kirk,
 
 407 Pa. 197, 180 A. 2d 55;
 
 Commonwealth v. Pava,
 
 268 Pa. 520, 112 A. 103.
 

 The issuance of a search warrant for lottery paraphernalia which may lead to charges of violating section 601 of The Penal Code of 1939 is authorized by section 60 of the Act of 1860, P. L. 382, 18 P.S. 1445, which has not been repealed by the Act of 1939, supra.
 
 Commonwealth v. Bruno,
 
 176 Pa. Superior Ct. 115, 106 A. 2d 905.
 

 Adequacy of Description In Warrant
 

 The warrant described the premises to be searched as: “. . . that certain place, room, house, dwelling, building, store, restaurant, garage, receptacle, premises, occupied and in possession of one: Joseph Y. Fiorini, alias John Doe, et al., to-wit: A first floor pool room and a second floor apartment occupied by Joseph Y. Fiorini, alias John Doe, et al., as such. The said premises being more fully described as follows: A
 
 2y2
 
 story brick and permastone building located on the
 
 *93
 
 west side of North Eighth Street and known and numbered as 872 N. 8th Street, Reading, Berks County, Pennsylvania.”
 

 In
 
 Commonwealth v. Hunsinger,
 
 89 Pa. Superior Ct. 238, and
 
 Commomoealth of Pennsylvania v. Dabbiero,
 
 89 Pa. Superior Ct. 435, we condemned general terms being used in search warrants in describing buildings for search without locating them; but in
 
 Commonwealth v. Connolly,
 
 290 Pa. 181, 138 A. 682, affirming 89 Pa. Superior Ct. 243, the description of premises as “two-story frame building used as a dwelling apartment and saloon” at corner was held sufficient by our Supreme Court. In
 
 Commonwealth v. Orwig,
 
 96 Pa. Superior Ct. 383, it is noted that article I, section 8 of the Pennsylvania Constitution requires only that places and things be described “. . . as nearly as may be'. . .” and that “It is enough to describe a definite ascertainable place excluding all others”. It is generally held under the Fourth Amendment of the United States Constitution that a search warrant directing a search of an apartment house or other building occupied by a number of different tenants, which states the name of the persons occupying the apartment to be searched, is valid.
 
 United States v. Hinton,
 
 219 F. 2d 324;
 
 Kenney v. United States,
 
 157 F. 2d 442;
 
 Shore v. United States,
 
 49 F. 2d 519;
 
 United States v. Schullek,
 
 46 F. 2d 532;
 
 United States v. Barkouskas,
 
 38 F. 2d 837. Therefore, we hold the present description valid under the Pennsylvania Constitution which requires that things and places be described “as nearly as may be” since it definitely describes the property and limits the search to those parts which were occupied by or in possession of this appellant. No other part or parts of the building occupied by or under the control of other persons were searched and the evidence offered was found in those portions proven to have been in appellant’s possession.
 
 *94
 
 His ownership of the entire premises is not questioned. We do not deem it necessary to a valid description of an apartment that its location within a particular building be given. Proof of occupancy and control is sufficient. However, in
 
 Shore v. United States,
 
 supra, it was held that the inclusion in the description within a warrant of a part of the property, but which part was not searched, was not prejudicial to a defendant or a violation of his constitutional rights; hence he was not privileged to complain about its inclusion.
 

 A further complaint by appellant is, that evidence not described in the warrant was seized and accepted into evidence, viz., his “Federal Gambling Stamp”, which had been publicly displayed on a wall of the premises within the area over which he had control. As a general rule, general searches may not be made or seizure made of things other than those described in the warrant; but it is the duty and right of the executing officer, laAvfully on the premises, to seize other property being used in the commission of a crime. 79 O.J.S., Searches and Seizures, §83(e) ;
 
 United States v. Joseph,
 
 174 F. Supp. 539, affirmed 278 F. 2d 504, certiorari denied, 364 U.S. 823, 81 S. Ct. 59, 5 L. Ed. 2d 52. The stamp in question is not such an article. It is not an instrument being used in gambling. It is a receipt for a tax and therefore its seizure was illegal. However, that fact does not invalidate the seizure of other property covered by the warrant. 79 C.J.S., Searches and Seizures, §83(e), supra;
 
 Quandt Brewing Co. v. United States,
 
 47 F. 2d 199.
 

 Furthermore, the record shows that the stamp was offered into evidence for the limited purpose of establishing that the appellant was in control of the poolroom. Appellant’s motion to invalidate the warrant made no mention of the illegal seizure of the stamp and his counsel’s objection to its admission was conditional, “. . . the defense would object to the ad
 
 *95
 
 mission of Exhibit 2 [the stamp] without the explanation of the conditional admission of it.” In admitting the stamp and to comply with the condition imposed by defendant’s counsel the court said in the presence of the jury:
 

 “As I said at side bar, as to Exhibit No. 2, I will admit that for the limited purpose of showing that an individual, whose name appears to be on that license, did in fact receive such a license, and had it displayed on these premises, but the issuance of a Federal gambling license or tax stamp, whatever you call it, is in no way an indication anybody is exercising the privilege under it. Anybody can go down and buy one; the Federal government issues them. It is illegal to use it in Pennsylvania, that is, to operate under it, and we cannot take judicial notice that anyone is operating under it. But for the limited purpose of showing the person whose name appears on that stamp, had such a stamp on the premises, and only in regard as it goes to some evidence in connection with that individual, I will admit it.”
 

 Furthermore, this was repeated in the charge to the jury:
 

 “Well, it is a receipt issued to an individual, the name on the slip being the same name as the defendant in this case. It does not authorize anyone to carry on any activity, either legal or illegal. It is not a license, as it says, and should not be taken by the jury as an indication that the defendant did or did not have anything to do with an alleged lottery. It is admissible in this case solely for one reason: As a statement displayed upon the premises indicating that Joseph V. Fiorini is an individual who is connected with the premises, or occupies a portion of the premises, at least the room in which it was displayed, and that is its only significance legally with this case.”
 

 
 *96
 
 Counsel filed only a general objection to the charge, acquiesced in the court’s action in sending the stamp (Exhibit No. 2) out with the jury, and in its motion for a new trial alleged as error only that the court in its charge, “. . . erred in failure to restrict its charge on the Special Tax Stamp to the limited purpose to which it was admitted as an exhibit . . .”. Our reading of the charge leads us to the conclusion that the jury was properly informed of the limitation referred to.
 

 Another issue raised by the appellant is whether newspaper publicity during his trial was prejudicial to his case. The article complained of referred to the trial and mentioned certain persons who were in the courtroom. The lower court stated that a criminal trial is and must remain open to the public and a defendant is not responsible for the persons in attendance. It is obvious that this cannot be said to be prejudicial to the defendant’s case since such holding would furnish all defendants in criminal trials the means of avoiding a final determination of their guilt or innocence. It was not brought to the court’s attention until after the verdict had been rendered because counsel for appellant had not learned of it before that time. This is a matter within the discretion of the lower court.
 
 Commonwealth v. Schwartz,
 
 178 Pa. Superior Ct. 434, 115 A. 2d 826;
 
 Commonwealth v. Grotefend and Haun,
 
 85 Pa. Superior Ct. 7. We cannot say that it abused that discretion under the circumstances.
 

 Another issue raised by the appellant refers to the manner the court charged the jury on the seizure of the tax stamp. He admits that the lower court made a fair appraisal of the issuance of the stamp but complains about its subsequent comment:
 

 “It is admissible in this case solely for one reason: As a statement displayed upon the premises indicating that Joseph V. Piorini is an individual who is con
 
 *97
 
 neeted with the premises, or occupies a portion of the premises, at least the room in which it was displayed, and that is its only significance legally with this case.”
 

 Appellant claims that this was commenting on the evidence to a greater extent than necessary or proper. He claims the court again improperly stresses Exhibit No. 2 in its charge with the statement:
 

 “Now counsel have agreed, I believe, that the money not go out with the jury. As far as the other evidence is concerned, I certainly think that Exhibit No. 2 should go out to the jury and any other portions of the admitted evidence the jury would want. . . .”
 

 Appellant argues these discussions in front of the jury as to what the jury should take has the effect of stressing this particular exhibit and this action was prejudicial to the appellant.
 

 In a criminal prosecution, it is the duty of the trial judge to carefully instruct the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon essential elements of the crime charged, and it must be done without unfair disparagement although the trial judge must be left free to comment upon the evidence.
 
 Commonwealth v. Bonomo,
 
 396 Pa. 222, 151 A. 2d 441. A trial judge may express his opinion on some of the evidence so long as the jury is left free to act upon its own view of the evidence.
 
 Commonwealth v. Kloiber,
 
 174 Pa. Superior Ct. 483, 101 A. 2d 444, affirmed 378 Pa. 412, 106 A. 2d 820, certiorari denied, 348 U.S. 875, 75 S. Ct. 112, 99 L. Ed. 688. The lower court here was well within its discretion by its comments on the Federal Special Tax Stamp. It instructed the jury as to the purpose of its admission, possibly not in the terms the appellant would have liked although he made no specific objection and stated he did not wish anything additional to be included in the charge. The court’s comment that the jury should take the stamp with them was not
 
 *98
 
 a comment on the .evidence and, if it did draw undue attention to this particular, exhibit, the court expressly left it to. the jury to consider the weight of this corroborative .proof of ownership and control of the premises.
 

 Another issue raised by the appellant is whether the evidence was sufficient to support a conviction of being unlawfully concerned in the carrying on of a lottery. The Commonwealth’s undisputed evidence established that the premises were titled in the name of the appellant; that he was on the premises at the time of the search and his arrest; that the Federal Special.Tax Stamp listed it as the business place of the-appellant; that.the appellant acknowledged ownership of a gun.found in the rear apartment of the building; that the telephone in .the rear apartment was listed in appellant’s name and that the other occupant of the premises stated that the appellant was her landlord. This evidence is sufficient to show custody and control of those parts of the premises where the evidence was found and, therefore, to establish the appellant’s connection with the gambling paraphernalia found therein. It is not necessary for conviction of unlawfully managing a lottery that there be evidence of the actual operations of the lottery, but the evidence is sufficient for conviction if the defendant is found in possession of the paraphernalia necessary for such operation.
 
 Commonwealth v. Fisher,
 
 192 Pa. Superior Ct. 288, 161 A. 2d 903. Testimony that a defendant was the owner of a gambling establishment, that he exercised dominion over it and was present therein would alone sustain conviction of establishing a gambling place.
 
 Commonwealth v. Giambrone,
 
 183 Pa. Superior Ct. 283, 130 A. 2d 254. We agree with the lower court that there is evidence here relating to the appellant which- shows his connection with a lottery and supports the verdict.
 

 
 *99
 
 Another issue raised by the appellant is whether the jury had the right to hear the case since it was sworn prior to arraignment. The record shows that the jury was sworn in the presence of the appellant on Thursday, June 14, 1962. The case was then adjourned until the following day. When the trial was resumed a question was raised concerning the fact that appellant’s plea of “not guilty” did not appear on the indictment. Counsel mentioned to the trial judge at side bar that at arraignment court appellant had stood mute and no plea was entered for him. The trial judge proceeded to have the appellant rearraigned and when the appellant again stood mute directed a plea of “not guilty” be entered. No complaint was made at that time in behalf of the appellant and the trial proceeded. Appellant’s present complaint could have been easily rectified by a mere reswearing of the jury. A party may not sit silent and take a chance on a verdict if error could have been rectified had the attention of the trial judge been called to it.
 
 Commonwealth v. Kopitsko, 177
 
 Pa. Superior Ct. 161, 110 A. 2d 745.
 

 Furthermore, although formal arraignment is no longer required in cases of this nature, Act of 1895, P. L. 71, 19 P.S. 462;
 
 Commonwealth ex rel. Hullig v. Ashe,
 
 145 Pa. Superior Ct. 11, 20 A. 2d 852, the docket entries show that this appellant was in fact arraigned and entered a plea of not guilty on March 13, 1962. The oversight was in not entering the notation of the plea on the indictment. However, it was noted on the docket. We see no prejudice or cause for appellant to complain. What transpired in the so-called rearraignment was mere surplusage.
 

 The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.
 

 [1]
 

 Although the search warrant marked as Exhibit No. 2 was hot offered in evidence, it was the subject of the motion to quash. Therefore, it was before the lower court for the disposition of that' motion, and since this appeal questions the propriety of the action of the lower court in dismissing the actions, we .shall consider it as well as the complaint on which it was based. Both are in the printed record before us.