Opinion by
 

 Wright, J.,
 

 David Joyce was indicted by the Grand Jury of York County on a charge of possessing • and maintaining gambling devices under Section 603 of The Penal Code. Act of June '24, 1939, P. L. 872, 18 P.S. 4603. Following the entry of a plea of not guilty and a trial, at which President Judge George W. Atkins presided, the jury returned a verdict of guilty. Motions for a new trial and in arrest of judgment were refused, sentence was imposed, and'this "appeal ensued.
 

 The Commonwealth proved that appellant was in possession of 69 slot machines, operated solely on the basis of chance. Appellant. admitted possession of the machines, but asserted that he did not intend to use them for the purpose of gambling. The defense set up was that the machines had been purchased for resale to customers in England, and that appellant was in' the process of haying the machines converted in such a manner that they could be 'óperatéd/ n'ot' by the insertion of coins, but by electrical iihpulses activated on pulling the lever. Appellant testified that the prospective patron in England' would pay' for a certain number of plays, that the machine would be ' sét so as to enable the patron to obtain a number of free plays, determined by chance, and that the patron’s play would be terminated upon the exhaustion of the number of plays purchased, plus any free games which might have been won. During the trial appellant attempted to
 
 *353
 
 offer in evidence certain orders and invoices, together with a copy of a letter of credit from the Philadelphia National Bank. He also offered the depositions of two purported English purchasers. These offers were refused by the court.
 

 The issue submitted to the jury was the question of appellant’s intent. The trial judge gave instructions that, in order to return a verdict of guilty, the jury must be convinced beyond a reasonable doubt that appellant intended to use the machines for the purpose of gambling. He expressly charged that appellant should be acquitted if the jury found that his purpose in possessing the machines was to convert them for lawful use in the manner described.
 

 Appellant’s present counsel first complains of the rejection of the documentary evidence and depositions. This contention was not advanced in the post-trial motions, and was not passed upon by the court below. Matters not properly raised in the lower court may not be invoked on appeal:
 
 Commonwealth v. Mays,
 
 182 Pa. Superior Ct. 130, 126 A. 2d 530. So far as the depositions are concerned, there was no effort whatever to comply with statutory requirements. The documentary evidence was not properly authenticated, and we perceive no error in the refusal of the trial judge to admit it.
 

 Appellant next contends that it was fundamental error to instruct the jury on the maxim falsus in uno, falsus in omnibus, in the absence of proof of falsity or contradiction on a material point. In his comprehensive charge, the trial judge discussed, in general terms, the matter of intentional false testimony on the part of any witness. The portion of the charge concerning which complaint is made appears in the footnote.
 
 [1]
 
 No
 
 *354
 
 exception was taken to this language. See
 
 Commonwealth v. Napoli,
 
 180 Pa. Superior Ct. 266, 119 A. 2d 846. Tbe trial judge was outlining tbe principles set forth in
 
 Commonwealth v. Parente,
 
 184 Pa. Superior Ct. 125, 133 A. 2d 561. We find no prejudicial error.
 

 Appellant’s third and fourth contentions require only brief discussion, and may be considered together. By way of defense appellant introduced a copy of the English Betting and Gaming Act, effective July 29, 1960, “to show that gambling in a modified form with slot machines is permissible in England”. Appellant contends that it was error for the trial judge to charge that the jury might consider possession and shipment of slot machines prior to the passage of the Act of 1960, and that the court’s charge gave unconstitutional and extra-territorial effect to Section 603 of The Penal Code. These complaints relate to isolated excerpts from the charge which are taken out of context. Cf.
 
 Commonwealth v. Walker,
 
 178 Pa. Superior Ct. 522, 116 A. 2d 230. Erom a reading of the charge as a whole, we are satisfied that the controlling issue in the case was fairly presented to the jury. The trial judge said: “. . . and if you are satisfied from the defendant’s explanation that what he was actually doing was converting these machines, and intended to convert all of them into a device that simply provided for the play
 
 *355
 
 ing of
 
 the games
 
 and granting of
 
 the
 
 privilege of some additional free games, that was all he intended to do, then he would not be guilty
 
 of
 
 a violation of this section, and your verdict would have to be not guilty”.
 

 Appellant’s final contention is that conversion of the machines to free play devices for foreign shipment is protected by the interstate commerce clause of the United States Constitution, and by Section 2 of the Johnson Act of January 2, 1951, 15 U.S.C.A. 1172. With regard to this contention, it should be noted that the machines were allegedly in appellant’s possession for the purpose of alteration prior to sale. We have concluded that, even though the machines may have been eventually intended for interstate commerce, they were not beyond the operation of the penal laws of this Commonwealth. In 15 C.J.S. Commerce, Section 69, it is stated: “State prohibitory laws concerning gambling are generally held not to violate the commerce clause of the Federal Constitution or to conflict with Federal Legislation”. The settled policy of this Commonwealth is opposed to gambling:
 
 Plotnick v. Pa. P.U.C.,
 
 143 Pa. Superior Ct. 550, 18 A. 2d 542. A police statute is not unconstitutional merely because it incidentally or indirectly involves or burdens interstate commerce:
 
 Commonwealth v. Flickinger,
 
 365 Pa. 59, 73 A. 2d 652. And see
 
 Commonwealth v. One Dodge Motor Truck,
 
 123 Pa. Superior Ct. 311, 187 A. 461, affirmed 326 Pa. 120, 191 A. 590.
 

 Under Section 603 of The Penal Code it is an offense to maintain slot machines with the intent to use them for gambling purposes:
 
 Commonwealth v. Cancillieri,
 
 166 Pa. Superior Ct. 1, 70 A. 2d 669. Our Supreme Court, in
 
 Schnabel v. Meredith,
 
 378 Pa. 609, 107 A. 2d 860, approved the following statement: “The acquittal of plaintiff under Section 605, possibly because of lack of proof of actual play on the machines for money, in no way derogates against the truth of a to
 
 *356
 
 tally separate charge which might have been brought against him under Section 603. Under the Caneillieri case, he could have been found guilty of violation of the latter section merely on proof of possession of the machines alone, the intent to use them for gambling purposes being inferred from the inherent nature thereof”. It is clearly apparent that the pivotal issue in the case at bar was appellant’s intent. This was solely a jury question, properly submitted, and the jury resolved that issue against appellant.
 

 Judgment affirmed, and it is ordered that appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.
 

 [1]
 

 “Also there is another rule that may or may not apply, depending on how you view the situation, that is, if you find any witness testified falsely and did so intentionally about any mate
 
 *354
 
 rial fact in the case, then you may disregard everything that witness said. But in order for that rule to apply you must find first the witness testified falsely and that he or she did so intentionally, and that the false statement pertained to a material fact in the ease. Even if you find those elements present you do not have to disregard everything else the witness said. The law, while recognizing the person testifying falsely in one instance may very well do it in court, also recognizes a person may testify falsely and do it intentionally about one thing, and yet tell the truth about everything else. It is simply for you to determine the extent to which you will apply those rules coming to the conclusion, as to whose testimony you will believe and whose you will not”.