202 Pa. Superior Ct. 406 (1963)
Commonwealth, Appellant,
v.
Samolsky.
Superior Court of Pennsylvania.
Submitted November 11, 1963.
December 12, 1963.
*407 Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.
Michael A. Hanna, District Attorney, for Commonwealth, appellant.
Howard E. Goldfarb, for appellee.
OPINION BY MONTGOMERY, J., December 12, 1963:
This appeal is by the Commonwealth from an order suppressing evidence and quashing an information charging the defendant-appellee, Lester Samolsky, with *408 being a common gambler, setting up a place of distribution of gambling equipment, and possessing gambling equipment, to wit: punch boards, tip sheets, and bags commonly called fish bowls. The evidence suppressed was found in the basement of a building at 52 West Chestnut Street in Washington, Washington County, Pennsylvania, where a search had been made with a search warrant. The sufficiency of the warrant is questioned.
The application for the search warrant was made by Robert K. Gordon, Constable, who alleged that gambling devices were in the custody of John Doe in the building occupied by J. Samolsky & Son, located at 52 West Chestnut Street, Washington, Pennsylvania. The warrant described the premises to be searched in identical language: ". . . I Searched the within described premises on July 21, A.D. 1962 and found gambling equipment in the basement thereof. Basement is also known as Washington Candy Co."
The equipment, so seized, was claimed by Lester Samolsky, who sought to have it suppressed as evidence against him for the reason that the warrant did not authorize the search of the area in which it was found, which area was alleged to be occupied exclusively by the Washington Candy Company, although admittedly within the building known as 52 West Chestnut Street, Washington, Pennsylvania. The petition further alleges that J. Samolsky & Son, a retail business selling men's wear and shoes, occupies the first floor of the building and the northerly two thirds of the basement floor, with an entrance on West Chestnut Street, whereas the Washington Candy Company has its entrance on West Pine Avenue and occupies no portion of the building except the southerly one third of the basement. It further alleges that neither of the occupants store merchandise in the area of the other or otherwise use the other occupant's portion of the building.
*409 After hearing, the lower court found that ". . . Lester Samolsky is a partner in the firm of the Washington Candy Company, that the partnership occupies the rear portion only of the Samolsky Building, this portion facing and opening only on West Pine Avenue in the said City of Washington . . . that neither the defendant nor his partner had any interest in the clothing and shoe business conducted by J. Samolsky & Son at 52 West Chestnut Street and that the firm of J. Samolsky & Son was not involved in the alleged violations. . . that no permission had been given by either partner in the Washington Candy Company to the search and seizure of the evidence in question . . ." (Emphasis supplied)
From those findings, which are supported by the record, we must view this as a multiple occupancy building, with no relationship existing between the two occupants (except as tenants might accommodate one another by accepting mail of one another, etc., and as they are related as part of the same family).
Had this been a single occupancy building, the warrant and the information on which it was based would have been sufficient to describe the entire building at 52 West Chestnut Street, Washington, Pennsylvania, to meet the requirements of the law. In our recent opinion in Commonwealth v. Fiorini, 202 Pa. Superior Ct. 88, 195 A. 2d 119, we stated that the Pennsylvania Constitution requires only that places and things be described as nearly as may be; and we therein held that a warrant which directs a search of an apartment house (sufficiently identified) or other building occupied by a number of different tenants, and states the name of the person occupying the particular apartment to be searched is sufficient, although it does not describe the apartment by metes and bounds. The naming of the occupant of part of the premises in that case, although limiting the scope of the search, *410 was held to be sufficient identification of the area to be searched.
The question now presented to us is whether a search warrant which sufficiently describes a building, supposedly occupied by one tenant or owner, is valid as to part of the premises occupied by someone else; or expressed otherwise, did naming the occupant limit the scope of the search? We are of the opinion that it did.
Shore v. United States, 60 App. D.C. 137, 49 F. 2d 519, certiorari denied, 283 U.S. 865, 51 S. Ct. 656, 75 L. Ed. 1469, held that a search warrant describing the premises to be searched by house number and as being those of the named defendant was valid, although part of the building was occupied by another person. However, it is noted that the premises of that other person were not entered or searched as was done in our present case. For that reason, it was there held that the defendant, in whose possession the evidence was found, was not prejudiced. However, our present case is distinguished from that case in the particular that this material was found in the area, possession of which was in the unnamed person.
In the present case Constable Gordon admitted that his information led him to the candy company area of the building; that Maurice and Lester Samolsky were the ones who possessed the evidence he was seeking; and that his first attempt to enter the building had been made from the Pine Avenue entrance to the candy company. Nevertheless, he did not name these parties in his affidavit, nor did he attempt to learn whether they were interested in the old, established firm of J. Samolsky & Son. Because the constable did not sufficiently identify the place to be searched on his application for the search warrant but limited his description to that part of the premises occupied by and *411 under the control only of J. Samolsky & Son, we are constrained to hold that the search warrant was invalid to cover the area occupied by defendant's company.
We therefore affirm the order suppressing the evidence and returning it to the Washington Candy Company, as well as that part of it quashing the information against the defendant based on that evidence, since it is admitted by the Commonwealth that there is no other evidence on which defendant may be held.
Although the property illegally seized may be found to be contraband, in the absence of any proceeding to have it so declared and destroyed, we are not prepared to say that the lower court erred in returning it to its owners. In a proper proceeding by the district attorney it may be shown that its intended use was for gambling purposes which would subject it to destruction. Intended use is an important factor in matters of this nature. Commonwealth v. Joyce, 202 Pa. Superior Ct. 350, 197 A. 2d 226; Commonwealth v. Logan, 172 Pa. Superior Ct. 365, 94 A. 2d 99.
The motion to quash this appeal is refused since all proceedings were stayed by order of court dated November 16, 1962, and the final effective order is dated February 28, 1963. Commonwealth v. Mackley, 380 Pa. 70, 110 A. 2d 172; Fenerty Disbarment Case, 356 Pa. 614, 52 A. 2d 576; Chester School District v. Richardson & Luce, Inc., 320 Pa. 438, 184 A. 127; 9 Pa. Standard Practice, Chapter 39, §§ 26 and 27. The order of November 16, 1962, in addition to staying proceedings, granted a rule to show cause why the order of November 14, 1962, should not be vacated. This was equivalent to a motion to open or strike off a judgment.
Motion to quash refused; order affirmed.
*412 DISSENTING OPINION BY WRIGHT, J.:
I would reverse the order suppressing the evidence. The search warrant was issued on the constable's affidavit that gambling devices were concealed in a building occupied by J. Samolsky & Son located at 52 West Chestnut Street in the City of Washington, Pennsylvania. The fact that the devices were found in a rear portion of the basement allegedly occupied by Lester Samolsky does not in my view render the search and seizure unlawful. Lester Samolsky received his mail at 52 West Chestnut Street. The constable entered the premises at that address, and proceeded without difficulty through the front portion of the basement. There was no doubt as to the premises to be searched and the location thereof.
ERVIN and WOODSIDE, JJ., join in this dissenting opinion.