*345 Dissenting Opinion by
Hoffman, J.:
Appellant was found guilty by a judge sitting without a jury of possession of narcotics and possession of a firearm after conviction of a crime of violence. In this appeal appellant contends that the evidence presented by the Commonwealth was insufficient to prove beyond a reasonable doubt that the appellant possessed the contraband. Appellant also contends that the description in the warrant of the premises searched lacked the particularity required by the Fourth Amendment. Since I agree with the appellant’s first contention, I do not reach the latter.[1]
Pursuant to information supplied by a reliable informant and surveillance conducted by Officer Davis of the Philadelphia Police Department, a search warrant was issued for the second floor of an apartment building located at 635 N. 13th Street.
Surveillance of the building had been conducted for two days prior to the search. During his daytime surveillance, Officer Davis observed twelve to fourteen people enter the vestibule of the building and return to the street, at which time appellant would drop keys to them. They then entered the building. Officer Davis was unable to say whether these people went to the second floor apartment, but he did see people moving around inside the apartment. He also stated that on *346 one occasion a woman appeared at the window of the apartment to draw the shades.
On the day of the search, appellant was apprehended while walking on the street outside of the building. No contraband was found on him. He did, however, possess keys to the vestibule and apartment doors.
The search of the apartment disclosed the following items: seventy-two packets of heroin located in the pocket of a coat which was hanging in the closet; a rent receipt book and medical assistance identification card, both of which were in the name of Theodore Den-by ; a medical assistance identification card in the name of appellant; and a starting pistol with a bored-out barrel together with ammunition. Except for the heroin, all items were found in the drawers of a bedroom bureau. According to Officer Davis’ testimony, the coat in which the heroin was found did not appear to fit the appellant. Officer Davis also testified that during the course of the search, someone wandered into the apartment and then left.
Officer Davis learned from a rental agent that the apartment had been leased to a Theodore Denby. There was, however, no evidence to indicate that appellant was using the name Denby as an alias. No handwriting analysis of the papers seized was ever made, and the rental agent was never questioned concerning the identity of Denby.
In the opinion of the lower court, this evidence “demonstrated beyond a reasonable doubt that this defendant was in exclusive possession and control of the premises and thus the contraband which it contained.” This conclusion, I believe, is an erroneous application of the law of constructive possession in Pennsylvania and is, therefore, a conclusion which cannot be justified on the evidence presented.
When the offense charged is possession of contraband and the defendant is not in literal possession of *347 that contraband, the offense is proved only when it is shown that he exercised conscious control and dominion of the goods. Commonwealth v. Davis, 444 Pa. 11, 280 A. 2d 119 (1971). While the presence of a defendant in premises in which contraband is seized, along with other facts and circumstances showing control and dominion of the premises, may be sufficient to show possession of the contraband, Commonwealth v. Shaffer, 447 Pa. 91, 288 A. 2d 727 (1972), “the fact of possession loses all persuasiveness if persons other than the accused had equal access with him to the place in which the property was discovered.” Commonwealth v. Davis, supra, at 16, quoting 9 Wigmore on Evidence, §2513 (3d ed. 1940); Commonwealth v. Whitner, 444 Pa. 556, 561, 281 A. 2d 870 (1971). Thus, the inference of constructive possession from control and dominion of the premises will be vitiated by a showing that persons other than the accused had equal access to the premises, and may have been the actual possessors of the contraband. See Commonwealth v. Davis, supra; Commonwealth v. Schulhoff, 218 Pa. Superior Ct. 209, 275 A. 2d 835 (1971).
In the instant case appellant rested without presenting any evidence. On the basis of the Commonwealth’s evidence, the lower court held, as a matter of law, that persons other than the appellant did not have equal access to the premises in which the contraband was found. I disagree with this conclusion.
The evidence presented below established that the apartment was leased to a Theodore Denby; that papers belonging to Denby were found on the premises; that persons other than the appellant were in the apartment for indeterminate periods of time during the two days prior to the search; that during the course of the search someone wandered into the apartment; and that the narcotics were found in a closet inside the pocket *348 of a coat which did not appear to fit the appellant. These facts, presented by the Commonwealth, lead me to the conclusion that persons other than the appellant had access to the apartment and that appellant’s control and possession thereof was not exclusive. The inference of possession of the contraband, therefore was not sufficient to sustain appellant’s conviction. For this reason, I would vacate the judgment of sentence and order the appellant discharged.
Spaulding, J., joins in this dissenting opinion.

 Although I do not reach the question, it would appear that the description in this warrant was adequate. It authorized the search of the second floor of a three-story dwelling- containing two living units on each floor. It also specified the lessee of the apartment to be searched. This description would be adequate to allow the executing officer to ascertain and identify the place intended to be searched. Compare Commonwealth v. Fiorini, 202 Pa. Superior Ct. 88, 195 A. 2d 119 (1963) and Commonwealth v. Samolsky, 202 Pa. Superior Ct. 406, 195 A. 2d 818 (1963), with Commonwealth v. Copertino, 209 Pa. Superior Ct. 63, 224 A. 2d 228 (1966). See United States v. Hinton, 219 F. 2d 324 (7th Cir. 1955).