451 A.2d 218

**COMMONWEALTH of Pennsylvania**

v.

**William Henry TYLER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 2, 1981.

Filed Oct. 1, 1982.

16

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

BROSKY, Judge:

On June 25, 1980, appellant, William Henry Tyler, was convicted of three counts of burglary.[1] No post-verdict motions were filed. On August 4, 1980, Tyler was sentenced to serve a term of imprisonment of three and one-half to seven years. He was also ordered to make restitution in the amount of $1,025. On September 17, 1980, Tyler filed a petition under the Post Conviction Hearing Act[2] in which he alleged numerous reasons why his trial counsel was ineffective. The P.C.H.A. court rejected all of Tyler's claims for relief save one, his request to be permitted to file a direct appeal *nunc pro tunc.* The P.C.H.A. court found that counsel was ineffective in failing to file an appeal. Tyler then filed this direct appeal.[3] We affirm the decision of the trial court in part but reverse in part and remand for resentencing the remaining count. Tyler's sole contention in this appeal is that his trial counsel was ineffective.

On June 20, 1979, Tyler, Charles Bullock and Jerry Corbin drove a car to a building at 100 Chestnut Street in Harrisburg. They entered the building using keys which Corbin possessed as an employee of the company hired by the owners of the building to perform janitorial services. Tele-

1. 18 Pa.C.S.A. § 3502.

2. 19 P.S. § 1180–1 et seq.

3. This decision is controlled by our recent opinions in *Commonwealth v. May,* 296 Pa.Super. 435, 442 A.2d 1129 (1982), and *Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982). We are satisfied that the record in the instant case is sufficiently complete for us to determine the ineffectiveness issues raised in this direct appeal, without remanding to the P.C.H.A. court for an evidentiary hearing.

vision sets, radios and tape recorders were stolen from several offices, and one office reported missing several escrow checks. All the offices from which things were taken were broken into without any visible signs of force. The escrow checks were taken from an office which was broken into without force. The checks were within a desk which was usually locked. The desk was not forced open. No other articles were taken from that office. All the thefts, except for the checks, were reported the day after the criminal incident. The stolen checks were not reported until several days later. No person in any of the offices knew Tyler.

 It is very clear that we will only find trial counsel to have rendered ineffective assistance of counsel where he failed to have any reasonable basis for failing to act in a manner which would have effectuated his client's interest. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). We will not, however, fault counsel for failing to make frivolous or fruitless motions. *Commonwealth v. Wilson,* 482 Pa. 350, 393 A.2d 1141 (1978). The burden is on the defendant to successfully prove that his counsel was ineffective. *Commonwealth v. Burton,* 491 Pa. 13, 417 A.2d 611 (1980).

 First, Tyler claims that his trial counsel was ineffective for failing to file a pre-trial motion to quash the information. He complains the information was based on evidence of a corrupt source, Charles Bullock. This motion would have been based also upon a challenge to the testimony of Bullock given the fact, again, that Bullock was a corrupt source and that no independent corroboratory evidence was presented. Tyler claims counsel should, therefore, have challenged Bullock's "right to testify." Thus, he reasons as the information was based solely on what was Bullock's testimony, it should have been quashed. This contention is without merit. In Pennsylvania, a criminal conviction can be sustained solely on the basis of the uncorroborated testimony of an accomplice. *Commonwealth v. Gordon,* 254 Pa.Super. 267, 385 A.2d 1013 (1978).

20

■ Next, Tyler states that his trial counsel was ineffective because he did not object to certain remarks made by the trial judge to the jury. Those remarks were said as an introduction to the jury. They include:

The Court: Ladies and gentlemen, we are going to start the trial of the case and we will go on here for a while with a few witnesses. . . .

This will not be a long case. A burglary occurred at the office building that I'm referring to. You will hear from the people connected with the offices that were entered and then the essence of this case is an accusation by one who has already admitted his guilt that the defendant Mr. Tyler was also involved.

So you are going to be involved in judging the credibility of the Commonwealth's witness who has admitted that he participated in this offense and is implicating Mr. Tyler. So as you listen to the testimony with that thought in mind, I'm sure you will pay close attention to the witnesses who bear on that question.

Tyler states that this statement was objectionable because it "described the case to the jury as one where the only issue for its determination was the credibility of the witness who would implicate appellant." (Appellant's brief, page 17.) This is clearly not a correct interpretation of the trial judge's introductory remarks. The judge stated that the case was essentially, not exclusively, one involving credibility. He explained to the jury that it must appraise the credibility of all the witnesses. The jury was *not* told, as Tyler complains, that it need not require proof of every element of each crime charged. An objection to the trial judge's introductory remarks would have been frivolous and entirely without merit. Counsel was not ineffective in this matter. *Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980).

■ Tyler remonstrates, further, that his trial counsel failed to object to certain leading questions asked by the Commonwealth of *its* key witness, Charles Bullock. These questions specifically concerned the loading of the stolen

goods into a car after the burglary was completed. Tyler claims the questioning was improper and that the failure of his counsel to object prejudiced his case. This contention is without merit. The allegedly objectional question was not leading. The Commonwealth through direct questioning established that the stolen items were loaded into a car. Then, the prosecutor asked:

Q. So you loaded the stuff in the car, then what did the three of you do?

A. Well, we proceeded out to sell it.

An objection to the form of the questions would have been frivolous. Counsel acted properly. *Commonwealth v. Butler,* 495 Pa. 82, 432 A.2d 590 (1981).

■ In the next assertion raised by Tyler, he contends that his trial counsel was ineffective because he failed "to cross-examine Detective Martin Lesko in more depth about what transpired between him and Charles Bullock from the time of Bullock's arrest until he gave a statement implicating appellant." (Appellant's brief, page 20.) Essentially, Tyler complains that a more extensive cross-examination would have demonstrated to the jury that Bullock, a known "drug user in need of a 'fix'" id, was vulnerable to both threats and promises made and given by the Commonwealth. This Tyler believes would have impeached Bullock's credibility and thereby greatly advanced his interests. The record does not support this contention. Trial counsel made vigorous attempts to question Lesko concerning the relationship between Lesko and Bullock and any pressure placed upon Bullock. Tyler has not successfully shouldered his burden of proof in this regard. *Commonwealth v. Burton, supra.*

■ Tyler states also that his trial counsel failed to file post-verdict motions arguing that the conviction of burglarizing Title Insurance Company was not supported by sufficient evidence. Counsel had generally demurred to all charges, but had been overruled.

To preserve his claim of insufficient evidence to support a conviction, counsel should have filed post-verdict motions

containing that allegation. See *Commonwealth v. McNeal,* 493 Pa. 395, 396, 426 A.2d 606, 608–609 (1981).

Our review of the evidence convinces us that his failure to do so lost to the appellant a meritorious issue. (See *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977), abandoned claim must be of arguable merit if counsel is to be found ineffective.) The following facts appear of record.

On July 31, 1979, Linda Zlater, an employee of the Title Insurance Company, testified that she went to work and discovered nothing missing from her office. She stated that she saw no evidence of a break in on that date. Several days later, she noted that several escrow checks were missing from her desk. Having known that several offices in the building were burglarized recently, she reported the apparent theft to the authorities. There is no evidence in the record that *anything* else was taken from the office. Ms. Zlater stated:

Q. Do you recall are you the last one to leave the suite?
A. Yes, I was.
Q. Did you lock the doors?
A. Yes.
Q. And where were these checks located?
A. In my drawer, the desk drawer.
Q. Is that drawer to your desk locked?
A. Yes.

No evidence was admitted as to whether the keys which Corbin had, as a janitor, included the key to the desk in Title Insurance Company. No evidence was admitted to prove the checks were present in the drawer on the night the burglary occurred. Furthermore, no evidence was admitted, through Bullock's testimony, that the checks were among the items stolen. Essentially, the Commonwealth's case was that several days after the burglaries, checks were discovered missing from the Title Insurance Company, that those checks had at one time been locked in a desk and that there was no evidence of a forced break in at the office. We cannot hold that this evidence would have been sufficient to

prove beyond a reasonable doubt that Tyler was guilty of the commission of a burglary at the Title Insurance Company. Therefore, post-verdict motions should have been filed raising the sufficiency of evidence issue as to the Title Insurance Company case. Trial counsel was ineffective.

Since we have found that the conviction is not supported by sufficient evidence and that counsel was ineffective in not pursuing that claim, we reverse as to the counts involving Title Insurance Company.

■ Next, Tyler asserts that his trial counsel rendered ineffective assistance of counsel in failing to object to the lower court's charge to the jury. The pertinent portion of the charge states:

In this case there are obvious conflicts, someone is not telling the truth, it is that simple, and you have to decide that issue.

There is a maxim in the law taken from the Latin phrase falsus in uno, falsus in omnibus; false in one thing, false in many. This concept is that if a witness testifies falsely to a material fact and you as jurors are satisfied that the witness made a conscious falsehood or an intentional misstatement you may, if you wish, disregard everything that that witness has said. That is an option that you have. You do not have to exercise it but you may disregard all the testimony of any witness who tells a falsehood consciously about an important matter.

I think that is only a rule of common sense if someone lies to us bluntly about an important matter, we are going to be very careful about anything else that that person tells us relating to anything important.

This instruction was proper. *Commonwealth v. Joyce,* 202 Pa.Super. 350, 197 A.2d 226 (1963). Therefore, trial counsel was not ineffective in failing to object to the charge.

■ Finally, Tyler contends that his trial counsel was ineffective in failing to clarify certain aspects of Tyler's prior record at the sentencing hearing, in implicitly admitting Tyler's guilt, and in failing to object to the court's characterization of Tyler as a threat to the community.

24

Initially, we note that Tyler fails to state what aspects of his prior record his trial counsel failed to present the court. Therefore, Tyler has not met his burden to show ineffectiveness. *Commonwealth v. Burton,* supra. Secondly, we are unwilling to hold that it is an improper strategy for a trial attorney to admit his client's guilt after he has been convicted and especially where no post-verdict motions have been filed. Cf., *Commonwealth v. Mizel,* 493 Pa. 161, 425 A.2d 424 (1981). We are persuaded also that the trial court properly considered all relevant factors in sentencing Tyler in compliance with *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977), *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1978). Trial counsel was not ineffective.[4]

Sentence vacated as to the counts involving Title Insurance Company. Judgment of sentence reversed and remanded for resentencing on the other counts.

4. Tyler states that his counsel should have objected to the imposition of sentence on the basis of his employment and financial status. While the court considered Tyler's employment record and financial status in making its sentence, we are convinced that the trial court sentenced Tyler after considering numerous factors, one of which was his employment history. We are unable to find this procedure was at fault. The trial court provided individualized sentencing in compliance with *Commonwealth v. Martin,* supra. Thus, trial counsel was not ineffective in failing to object to the trial court's consideration of Tyler's employment history and economic status.