442

552 A.2d 270

COMMONWEALTH of Pennsylvania

v.

Gary W. KIESSLING, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 26, 1988.

Filed Dec. 27, 1988.

G. Scott Gardner, Williamsport, for appellant.

Kenneth A. Osokow, Assistant District Attorney, Williamsport, for Com., appellee.

Before ROWLEY, DEL SOLE, and BECK, JJ.

BECK, Judge:

The issue on appeal is whether a search warrant which misidentifies the location of the premises to be searched in a multi-dwelling building is invalid. Under the circumstances of this case, we find that the warrant was not invalid and affirm the trial court's denial of the appellant's suppression motion.

Gary Kiessling appeals a judgment of sentence imposed following his convictions for possession of cocaine, possession with intent to deliver cocaine, and possession of marijuana.

At the time of the search which led to his arrest, Kiessling lived in a house divided into a top floor and a bottom floor residence. Kiessling lived in the first floor residence. The search warrant issued in this case described the dwelling to be searched as follows:

The home is divided into two dwellings. The owner named Eisworth resides in the bottom, and Gary Kiessling resides in the top. Entrance is gained to the Kiessling dwelling by a door on the outside located on the north of the home ... After entering the door, a stairway leads up to the Kiessling dwelling.

Kiessling attempted to have the evidence seized from his residence suppressed based upon the fact that the warrant mistakenly stated that he lived on the second floor of the dwelling when in fact he resided on the first floor. The trial court held that despite the slight error, the warrant

was sufficiently specific and therefore valid. Furthermore, the court noted that the execution of the warrant was constitutional as the officers, upon realizing the error, proceeded directly to the Kiessling residence on the first floor.

The Fourth Amendment standard under which we review the warrant is whether the officers' error in obtaining and executing the warrant was reasonable under the circumstance. On appeal, Kiessling does not address the reasonableness standard but urges that any warrant which incorrectly describes a premises is invalid. Citing *Commonwealth v. Carlisle*, 517 Pa. 36, 534 A.2d 469 (1987), appellant argues that a search warrant for a multiple-unit dwelling is invalid for lack of specificity where it fails to describe the particular room or sub-unit to be searched with sufficient definiteness to preclude the search of other units.

A recent United States Supreme Court case illuminates the standard to be used in reviewing the validity of a search warrant and the execution thereof in a multi-dwelling housing unit. *Maryland v. Garrison*, 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). In *Garrison*, police officers obtained a warrant to search the person of one McWebb and "the premises known as 2036 Park Avenue third floor apartment," for controlled substances and related paraphernalia. When police arrived at the door of the building, they encountered McWebb who escorted them to the third floor. Once there, they entered and began to search an apartment where they found controlled substances. As soon as police discovered that the apartment they were searching was not McWebb's but Garrison's they ceased their search. The information available to the officers at the time the warrant was issued indicated that McWebb alone occupied the third floor apartment, when in reality both McWebb and Garrison occupied separate dwellings on the third floor.

Before the United States Supreme Court Garrison argued that the items seized from his apartment should have been suppressed as the warrant was too broad and did not grant the officers the authority to search his apartment. First, the Court addressed the validity of the warrant itself. The

*Garrison* Court instructed that the validity of the warrant as to the identification of the premises must be tested by the information that the officers disclosed, or should have disclosed, to the issuing magistrate when they applied for the warrant. The *Garrison* Court found that the warrant was valid when issued because it was based upon information the police could reasonably believe. Such information led police to the conclusion that there was only one apartment on the third floor. The court noted that the police had made a reasonable investigation, including verification of information obtained from a reliable informant, an exterior examination of the building and an inquiry from the utility company which serviced the building.

We point out that the Warrant Clause protection of the Fourth Amendment is aimed at preventing general searches which may be exploratory in nature. Traditional Fourth Amendment protections are not violated, however, where the error in the warrant is minimal and is based on information that the police after reasonable investigation reasonably believed to be accurate.

> [w]e must judge the constitutionality of their [the police's] conduct in light of the information available to them at the time they acted. Those items of evidence that emerge after the warrant is issued have no bearing on whether or not a warrant was validly issued. Just as the discovery of contraband cannot validate a warrant invalid when issued, so is it equally clear that the discovery of facts demonstrating that a valid warrant was unnecessarily broad does not retroactively invalidate the warrant. The validity of the warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing magistrate.

*Garrison,* 480 U.S. at 85, 107 S.Ct. at 1017.

The *Garrison* Court also considered whether the execution of the warrant was proper. The Court concluded that the search of Garrison's apartment was proper as the officers' failure to realize the overbreadth of the warrant

was objectively understandable and reasonable. Furthermore, once the officers realized that there were two units on the third floor, they discontinued the search of Garrison's apartment. The Court stated:

... the officers' conduct was consistent with a reasonable effort to ascertain and identify the place intended to be searched within the meaning of the Fourth Amendment. 480 U.S. at 88, 107 S.Ct. at 1019.

■ Applying the *Garrison* analysis to the instant case, we first consider whether the warrant itself was valid. Here, as in *Garrison*, there is no claim that the warrant failed to describe adequately the "persons or things to be seized ... or that there was no probable cause to believe that those things might be found in the place to be searched." *Id.* at 85, 107 S.Ct. at 1017. Rather, Kiessling asserts that the warrant was invalid because it failed to adequately describe the place to be searched. We conclude, as did the Court in *Garrison*, that the factual mistake on the face of the warrant did not operate to invalidate an otherwise valid warrant.

The *Garrison* court stated:

While the police search strictly limit the permissible extent of the search, the Court has also recognized the need to allow some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing search warrants. 480 U.S. at 87, 107 S.Ct. at 1018.

In *Commonwealth v. Kaplan*, 234 Pa.Super. 102, 339 A.2d 86 (1975), a panel of this court considered a mistake on a warrant very similar to that in the instant case. In *Kaplan*, appellant challenged the validity of a warrant which described the premises to be searched as "# 1821 Pine Street, 3rd Floor Front—3 story brick building." His challenge was based upon the fact that his apartment, the only one searched, was actually the third floor *rear* apartment in a four story building. The panel held that "a search warrant directing a search of an apartment house occupied by a number of different tenants, which states the

name of the person occupying the apartment to be searched is valid." 234 Pa.Super. at 104, 339 A.2d at 88. In addition, under *Commonwealth v. Fiorini*, 202 Pa.Super. 88, 195 A.2d 119 (1963), it is not necessary to set forth the exact location of an apartment within a building in the search warrant. As was concluded in *Kaplan*, the fact that Kaplan's apartment was the only one searched, despite the slight error on the warrant, supported the conclusion that the description of the premises in the warrant was sufficient to enable the police to search the correct apartment.

Under the *Garrison* analysis, once the reviewing court determined that the warrant itself was valid, the next question is whether the execution of the warrant was proper. In *Garrison*, the Court held that the officers acted reasonably in executing the warrant. They began their search in conformity with the valid warrant, and when they discovered the mistake on the warrant, they immediately discontinued their search. Unfortunately for Garrison, the officers had already found the contraband. As the execution of the warrant under the facts in *Garrison* was held to be constitutional, there is no question as to the constitutionality of the execution of the warrant in the instant case.

In this case, the officers realized the mistake on the warrant almost immediately. When they reached the second floor residence specified on the warrant, they became aware of the fact that Kiessling's residence was located on the first floor. They then proceeded to Kiessling's residence to begin the search. It is clear that under these facts, "the officer's conduct was consistent with a reasonable effort to ascertain and identify the place intended to be searched within the meaning of the Fourth Amendment." 480 U.S. at 88, 107 S.Ct. at 1019.

Since we conclude that the warrant was valid when issued, and that the execution of the warrant was proper, we affirm the order of the trial court.

The order of the trial court is affirmed.