# Commonwealth *v.* Kaiser, Appellant.

*Criminal law—Gambling devices—Owner's right of property—Seizure—Destruction by order of court—Owner not convicted—Sections 59 and 60, Act of March 31, 1860, P. L. 398.*

Devices made for gambling and incapable of lawful use are not protected by the ordinary laws relating to personal property and the owner has no standing to assert property rights in them.

Such devices having been seized by a sheriff under authority of the 59th section of the Criminal Code, Act of March 31, 1860, P. L. 398, it was proper for the court to direct their destruction upon finding that they "were employed for the purpose of unlawful gaming and are adaptable to no lawful use." It is immaterial in such case that the owner was not convicted upon an indictment charging him with setting up gambling devices.

Authority to destroy such devices is contained in the 60th section of the act referred to and the particular method employed in getting the device is not important.

Argued October 23, 1922.  Appeal, No. 39, April T., 1923, by defendant, from judgment and order of Q. S. Erie Co., Feb. Sessions, 1921, No. 89, directing destruction of 92 slot machines seized by the sheriff, in the case of Commonwealth of Pennsylvania v. Frank Kaiser. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for setting up gambling devices. Before HIRT, J.

The opinion of the Superior Court states the case.

The court directed that 92 slot machines seized by the sheriff as property of the defendant should be destroyed by him within ten days. The defendant appealed.

*Error assigned* was the order of the court, quoting it.

*M. Levant Davis,* and with him *Robert J. Firman,* for appellant.

*Otto Herbst,* Assistant District Attorney, and with him *C. Arthur Blass,* District Attorney, for appellee.

OPINION BY TREXLER, J., November 23, 1922:

Upon a presentment a true bill was returned charging Frank Kaiser with setting up gambling devices in divers places. The court below quashed the indictment for duplicity, holding that each setting up was a distinct offense to be charged in a separate count. Subsequently the court ordered the slot machines that had been seized as the property of the defendant to be destroyed, but upon request stayed the order and had a hearing, after which the order was confirmed, and from that order the present appeal is taken.

The authority for the order must be found in the 59th and 60th sections of the Act of 31st March, 1860, P. L. 398. The 59th section provides after affidavit made before any magistrate before whom a complaint setting forth a violation of the sections of the act immediately preceding, and alleging the person charged has in his possession any gaming device the discovery of which might lead to establish the truth of the charge, the officer may seize such device, and the magistrate may retain such device subject to the order of court and in case of conviction, the device shall be destroyed.

The defendant was never convicted, and under this section conviction should precede the destruction. An examination of the record shows that the proceedings against the defendant were brought under the above section. The order of the court cannot be sustained under the above section. We think that the authority can be found in the 60th section. The defendant takes the position that the seizure having been made under the 59th section, the court could not shift its position and justify its action under the 60th section. In our view when the court had the custody of the machines, the particular means by which such custody was acquired loses its significance in view of the provisions of

the 60th section and the nature of the property seized. The section gives the authority to any sheriff or other officer with or without warrant to seize and remove any device employed for the purpose of unlawful gaming and make return to the court of quarter sessions setting forth the nature of the device and the circumstances of the seizure and after hearing if the court is satisfied that such device was employed and used for the purpose, may order it to be publicly destroyed. The provision of the said section was followed, the circumstances attending the seizure and the nature of the device were set out in the sheriff's return. The court in its order specifically found that it was satisfied that "the devices or machines were employed for the purpose of unlawful gaming and are adaptable to no lawful use." It will be noticed the officer can seize the device with or without a warrant. This language takes away the force of any argument directed to the particular method employed in getting the device. Even if the purpose of the seizure was to discover something "which might lead to establish the truth of the charge," the device being seized, and found to be illegal, the court could order its destruction. We may observe in passing that the 59th section makes no provision for the return of the device. When the nature of the machine is shown to be such as fits them solely for an unlawful purpose, they become in the language of some of the courts of other states "outlaws." They are not under the ordinary laws relating to personal property. The court can in a summary manner after their nature is disclosed to the satisfaction of the court, order their destruction so as to effectually prevent their use for the evil purposes for which they were designed. It would be absurd to hold that having such control, the court should be compelled to return such devices to the owner because when originally seized, they were to be used as evidence against him. If their nature were in doubt, a different question would be presented but the testimony taken at the hearing sus-

tains the finding of the court that the machines were to be used solely for gaming purposes and were so used and employed. As we stated before, such machines being incapable of lawful use the owner has no standing to assert any property rights in them. The authorities in other states supporting this principle are collected in 27 Corpus Juris, 1045.

The order of the court is affirmed. Appellant to pay costs.