## Commonwealth v. Sands

H. G. *Teel*, district attorney, for Commonwealth.

E. J. *Mullen*, for defendant.

Evans, P. J., April 29, 1935.—The indictment charges the defendant did, on October 26, 1934, unlawfully keep certain gambling or gaming devices to win or gain money or other property of value, said gambling or gaming devices being commonly known as slot machines, at his dwelling house in the Town of Bloomsburg, this county, contrary to the form of the act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania.

The indictment is based on section 56 of the Criminal Code of March 31, 1860, P. L. 382, which reads in part thus:

"If any person shall keep or exhibit any gaming table, establishment, device or apparatus, to win or gain money or other property of value, or aid, assist, or permit others to do the same; . . he shall be deemed and taken to be a common gambler, and upon conviction thereof, shall be sentenced".

The jury returned a verdict of guilty of possession of slot machines. The evidence fully warranted the defendant's conviction. . . .

The reasons urged by defendant's astute and learned counsel in arrest of judgment and for new trial are:

"1. The verdict of the jury is against the law of the case.

"2. The verdict of the jury is not supported by any testimony that defendant operated the slot machines for gambling purposes.

"3. The court erred in its charge to the jury in which it instructed the jury, in effect, that evidence of possession merely was sufficient to justify a conviction of defendant.

"4, 5, and 6. The court erred in refusing to affirm defendant's first, second, and third points for charge. They read thus:

" 'First: Under the pleadings and evidence in this case, the verdict must be not guilty.

" 'Second: Possession of slot machines, although they

may be gambling devices, is not sufficient to warrant conviction of defendant under this indictment, unless the jury find beyond reasonable doubt that they were kept or exhibited by him to win or gain money or other property of value, or aid, assist or permit others to do the same.

" 'Third: Unless the jury find beyond reasonable doubt from the evidence in the case that defendant actually kept or exhibited the slot machines in his home for the purpose of unlawful gambling to win or gain money or other property of value, or aid, assist or permit others to do the same, at or before the time they were seized by the officers, he has not violated any law of this Commonwealth and the verdict must be not guilty.' "

These motions may be considered together.

The indictment is drawn substantially in the language of section 56 of the Criminal Code. The testimony of the Commonwealth was neither contradicted nor denied. Officers Newman and Fausey testified that on the morning of October 26, 1934, armed with a search warrant, they went to the defendant's home on Miller Avenue in the Town of Bloomsburg, this county, for the purpose of making a search of his home for slot machines. He was there and, after being told what they had come for, made no objection. They found and seized a number of gambling devices or machines, 25 slot machines. They were produced at the trial and offered in evidence. It was further testified on the part of the Commonwealth, and conceded by the defendant's counsel at the trial, that the gambling devices or machines were slot machines and could be used for no other purpose than gambling or gaming, and had no value except a small scrap value; that they belonged to the defendant and were in his possession at the time of the seizure on October 26, 1934. Some of the gambling devices or machines were new models, up to date modern slot machines, of recent manufacture and in playable condition; others were the older type slot machine and some of them still in playable order, built

for playing as gambling devices and could be used for no other purpose. The Act of April 29, 1925, P. L. 357, makes the manufacture of slot machines or any machine or device used or intended to be used for gambling in Pennsylvania illegal and a misdemeanor.

In Commonwealth v. Kaiser, 80 Pa. Superior Ct. 26, a proceeding for destruction of gambling devices, President Judge Trexler said, at page 28:

"When the nature of the machine is shown to be such as fits them solely for an unlawful purpose, they become in the language of some of the courts of other states 'outlaws.' "

We believed at the trial, and believe now, that it was not necessary for the Commonwealth to prove that the gambling devices or machines had been used. Their possession and presence in the defendant's home was prima facie evidence that they were used "to win or gain money".

In In re Petition of Superintendent of Police, etc., 113 Pa. Superior Ct. 520, Judge Cunningham said, at page 529:

"The public policy of this Commonwealth relative to the manufacture and use of any device or instrumentality, heretofore or hereafter invented, with which money, or anything of value, may be played for, or staked or betted upon, has been declared by our legislature in a series of enactments.

"Some of them are intended to provide a punishment for the individuals setting up or establishing such devices; others are aimed at the devices, themselves, and authorize their seizure in the hands of their owners or possessors and their public destruction. By Section 56 of the Penal Code of March 31, 1860, P. L. 382, 398, it is enacted that 'any person [who] shall keep or exhibit any . . . device or apparatus, to win or gain money or other property of value,' shall upon conviction be punished by fine and imprisonment."

In Commonwealth v. Jeffries, 76 Pitts. L. J. 507, a

motion in arrest of judgment following conviction for violation of section 56 of the Criminal Code, the facts were almost precisely like the facts in the instant case. We therefore quote the opinion of the court (Judges Marshall, Swearingen and Patterson) in full:

"Defendant was found guilty on a count of the indictment charging him with having violated the following portion of Section 56 of the Act of March 31, 1860, P. L. 397:

" 'If any person shall keep or exhibit any gaming-table, establishment, device or apparatus, to win or gain money or other property of value . . . he shall be deemed and taken to be a common gambler, and upon conviction thereof, etc.'

"The evidence on the part of the Commonwealth was to the effect that there had been found in defendant's dwelling house a number of slot machines; some were found in the basement of the building, while one machine, in which were a number of slugs, was found beneath a desk in a second floor room. The machines were of a kind suitable for no purpose except gambling.

"Defendant has moved in arrest of judgment on the ground that no proof was offered that the machines had been used or that money had been won by means of them. The question, therefore, is whether mere possession of a gambling device is a violation of the statute.

"While at first glance, it would appear that what is prohibited is the keeping or exhibiting of gaming devices for the purpose of winning or gaining money, yet a careful reading of the act will show that the phrase 'to win or gain money' is descriptive of the apparatus or devices themselves, rather than of the purpose for which they are kept or exhibited. When the statute forbade the keeping or exhibiting of 'any gaming-table, establishment, device or apparatus,' necessarily some additional phrase was required to describe or define what establishments, devices or apparatus were not to be kept or exhibited; consequently, there follow the words 'to win or gain money',

so that the meaning of the section is that 'establishments, devices or apparatus to win or gain money' are forbidden to be kept or exhibited.

"Again, the 55th Section of the same Act makes it unlawful to 'set up or establish . . . any game or device of address or hazard, with cards dice, billiard-balls, shuffle-boards, or any other instrument, article or thing whatsoever . . . at which money or other valuable thing may or shall be played for, or staked or betted upon.'

"If the intendment of the 56th Section is, as defendant contends, that there must be a use of the gaming device before there can be a conviction, there was no need to include that section in the statute, as in such case it would be but a repetition of the 55th Section.

"In substance the 55th Section prohibits the setting up or establishing of gaming devices at which money shall be played for; in other words, the use of such devices. If the 56th Section be construed to prohibit the keeping or exhibiting, for the purpose of winning money, of gaming devices, it becomes substantially a reënactment of the 55th Section. A canon of interpretation requires that the Act be so construed as to give effect to its every portion. We, therefore, conclude that the Legislature intended by the 56th Section to prohibit an act different from that enjoined by the 55th Section, and that the act sought to be defined and enjoined by the 56th Section was the possession of gaming devices, as distinguished from their use.

"It may be argued that this construction of the Act will make one a violator of it who merely has in his possession such articles as playing-cards or dice which are often used to win or gain money. This conclusion does not follow. Where the articles or devices are capable of being put to purposes other than gaming, possession alone is not an offense. But where, as in this case, the article is one which can be used for no purpose other than gaming, (as, for example, a faro table, a roulette wheel, or a slot machine) keeping or possessing it will and should be

within the inhibition of the statute. Persons are not accustomed to possess such articles without an intention either to use them, or, in the language of the Act, to 'aid, assist or permit others to do the same.' Since the policy of our law is fixed against gaming, it is quite proper that in furtherance of that policy it should be made unlawful to possess articles which cannot be used except to violate the statutes against gaming."

For the reasons above given, the motions for new trial and in arrest of judgment should be overruled and dismissed.

And now, April 29, 1935, the motions for new trial and in arrest of judgment are overruled and dismissed and new trial refused and rule discharged. Defendant is directed to appear for sentence May 11, 1935, at 9 a.m.

From R. S. Hemingway, Bloomsburg.