## Commonwealth v. Smith

*Charles W. Eaby*, district attorney, for petitioner.

*S. V. Hosterman*, for respondent.

ATLEE, P. J., March 19, 1937.—L. R. Smith, defendant here, was indicted on two indictments. One, no. 22, March term, 1936, charges as follows:

". . . did unlawfully set up or establish, or cause to set up or establish, either in the open, or in a house or room, or other place, a game or device of address, or hazard, to wit: 127 punch boards, 1 pull board, 1 one cent slot machine, serial No. 2447, 1 five cent slot machine, or other instruments, at which money or other valuable thing was played for, or staked, or betted upon."

Another, indictment no. 32, September term, 1936, charges as follows:

". . . did unlawfully keep or exhibit a gaming table or tables, establishment or establishments, device or devices, and apparatus or apparatuses, to wit: 127 punch boards, 1 pull board, 1 one cent slot machine serial number 2447, 1 five cent slot machine without serial number, to win or gain money or other property of value."

To these two indictments defendant has pleaded nolo contendere, which, although not technically a plea of guilty, is so in substance, and justifies the court in passing sentence on defendant. It has the same effect as the plea of guilty so far as concerns the proceedings upon the indictment: See Sadler's Criminal Procedure in Pa. 332, sec. 334.

Upon this plea the court sentenced defendant. On indictment no. 22, March term, 1936, the sentence was to pay to the Commonwealth for the use of the County of Lancaster a fine of $100 and costs of prosecution, and on indictment no. 32, September term, 1936, to pay a fine of $1 and costs of prosecution. The jail sentence was suspended.

Thereafter the district attorney presented the petition of A. G. Cunningham, seizing officer, asking for an order of destruction to be enforced against 127 punch boards, one pull board, one one-cent slot machine, serial number 2447, and one five-cent slot machine, no serial number, which had been seized on April 7, 1936, at defendant's place of business, 244 Locust Street, Columbia, this county. The court thereupon granted a rule to show cause why these devices should not be ordered to be destroyed. At the time of the imposition of sentence the district attorney stated to the court that only three of these machines actually were in operation, but that the others were in the possession of defendant. The question of whether or not machines in possession but not in use could be confiscated and ordered destroyed was reserved for determination in this proceeding.

Section 59 of the Act of March 31, 1860, P. L. 382,

18 PS §1444, provides that in case of the conviction of any person for setting up or establishing, etc., any gambling device or gambling devices, the devices seized in the custody of such person shall, by the direction of the court, be destroyed.

Defendant has filed an answer to the petition asking for the destruction of these devices, in which answer defendant avers as follows:

"3. L. R. Smith avers that one hundred and twenty seven punch boards involved in said prosecution were in storage in his warehouse and that said one hundred and twenty seven punch boards were on April 7, 1936, the date of seizure, in storage, and were at no time employed or used in unlawful gaming as set forth in [the Act of 1860, supra], 18 PS §1445. And therefore, L. R. Smith avers and answers that the said one hundred and twenty seven punch boards can not lawfully be adjudged forfeited and publicly destroyed, and, accordingly, the said L. R. Smith prays Your Honorable Court to deny the prayer of the said Albert Cunningham, Constable, as to forfeiture and destruction of said devices, and furthermore prays Your Honorable Court, upon hearing, to order the said devices returned to the said L. R. Smith, said devices having been wrongfully seized and taken from the said L. R. Smith, although perchance probable cause existed for the said seizure."

This proceeding therefore raises the question: Can gambling devices not actually used for gambling when seized by officers of the law be ordered destroyed?

In the case of Commonwealth v. Snyder, 16 D. & C. 552, the Court of Quarter Sessions of Erie County, per Rossiter, P. J., decided that punch boards stored in a warehouse could not be ordered destroyed, on the ground that none of them had ever been set up or used and that, on such a state of facts, the court could not have been satisfied that such devices were employed and used for the purpose of unlawful gambling. With all due respect to the

very learned judge who wrote this opinion, this court can not concur in the finding so made. The opinion is dated April 24, 1931, but the court at no place refers to the Act of April 29, 1925, P. L. 357, sec. 1, 18 PS §1447, which declares it unlawful for any person to make, etc., any punch board, drawing card, slot machine, or any device to be used for gambling.

In the case of In re Petition of Superintendent of Police of City of Philadelphia for order to Destroy Gambling Implements, 113 Pa. Superior Ct. 520, the Superior Court of Pennsylvania, by Cunningham, J., decided that slot machines were essentially and inherently gambling devices and therefore subject to confiscation under the statute: See page 534. Under the title of Mills Novelty Company's Appeal, 316 Pa. 449, the Supreme Court of Pennsylvania affirmed, in a per curiam opinion, the conclusions of Judge Cunningham of the Superior Court. It is not necessary to repeat at length the conclusions of either court. In the case of Le Strange's Petition, 22 D. & C. 684, Stern, P. J., decided that "crane machines" were gambling devices.

While it is true that penal statutes must be construed strictly, and while it is true that courts should be satisfied of their complete authority before the courts order the destruction of property privately owned, nevertheless, this court feels that it is useless to have in force in Pennsylvania acts of assembly prohibiting the use of gambling apparatus and at the same time to take the position that gambling apparatus not actually used in gambling may lawfully be held by any person who sees fit to deal in such devices. For instance, it would be idle to attempt to stamp out the use of dangerous narcotic drugs by saying to the officers of the law that it is illegal to seize narcotic drugs wherever found; it would be useless to try to regulate traffic in intoxicating liquor if officers of the law could seize illegal liquor only when actually being dispensed. If gambling is to be stopped it must be stopped by an en-

forcement of the law sufficient to meet the evil confronting the law. The source of supply must be stopped just as must the petty offender be punished.

In the case of Commonwealth v. Kaiser, 80 Pa. Superior Ct. 26, the Superior Court, by Trexler, J. (see page 28), said that gambling devices are not under the ordinary law relating to personal property. The court can, in a summary manner, after their nature is disclosed to the satisfaction of the court, order their destruction "so as to effectually prevent their use for the evil purposes for which they were designed."

Therefore the court concludes that the mere possession of gambling devices by L. R. Smith, defendant in the present case, is sufficient to warrant the destruction of the machine so seized in the possession of defendant.

The rule to show cause why 127 punchboards, one pull board, one one-cent slot machine, serial number 2447, one five-cent slot machine, no serial number, should not be destroyed is made absolute. The court hereby orders the Sheriff of Lancaster County to destroy these devices which are now in the custody of the law as the property of defendant.

Rule absolute.

From George Ross Eshleman, Lancaster.