## Friedberg Appeal.

Argued June 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

· *A. C. Scales,* with him *Henry E. Shaw,* and *Scales and Shaw,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY WATKINS, J., September 15, 1966:

This appeal is from an order of the Court of Quarter Sessions of Westmoreland County refusing to return certain personal property to the appellant and ordering its destruction as gambling devices and paraphernalia.

The appellant, Charles Friedberg, has not been charged with any crime. The property was seized under the Act of March 31, 1860, P. L. 382, §60, 18 PS §1445, under which the officers, with or without a warrant, may seize, "any device or machine of any kind, character or description whatsoever, used and employed for the purposes of unlawful gaming . . .". No forfeiture proceedings were taken.

The appellant then petitioned for the return of his property; the district attorney answered with the allegation that the personal property was gambling devices per se; and the court below, after argument, entered the order without a hearing.

The court below relied upon the case of *Com. v. Logan,* 172 Pa. Superior Ct. 365, 94 A. 2d 99 (1953) for its conclusion that the personal property was per se gambling devices. In the *Logan* case there were an arrest and conviction for setting up a lottery and with managing, conducting and carrying on the same in violation of The Penal Code. The case also involved a petition to destroy the punchboards involved. The defendant made no answer to the petition. The punchboards were fully described in the testimony and were held to be gambling devices. That is not the case here. As we said in *Com. v. Samolsky,* 202 Pa. Superior Ct. 406, at page 411, 195 A. 2d 818 (1963) : "In a proper

proceeding by the district attorney it may be shown that its intended use was for gambling purposes which would subject it to destruction. Intended use is an important factor in matters of this nature." See also: *American Legion Post No. 51 Appeal*, 188 Pa. Superior Ct. 480, 149 A. 2d 483 (1959); *Com. v. Forry*, 201 Pa. Superior Ct. 431, 193 A. 2d 761 (1963).

It has been held that law enforcement officers could properly seize devices which were gambling devices per se. *Com. v. Cancillieri*, 166 Pa. Superior Ct. 1, 70 A. 2d 669 (1950). However, it must be shown by proper evidence that property seized can be used for no other purpose other than gambling. Otherwise neither the device nor the possession of it is unlawful. We have no such showing in this proceeding in the absence of a hearing for the taking of testimony.

Order reversed with direction that the personal property be returned to the appellant.

WRIGHT, J., would affirm the order of the court below.