390 A.2d 1356

COMMONWEALTH of Pennsylvania

v.

Edward Warren ROSE, Appellant.

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided July 12, 1978.

Robert E. Campbell, Gettysburg, for appellant.

Oscar F. Spicer, District Attorney, Gettysburg, for Com., appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

## OPINION

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Adams County, Criminal Division by the defendant-appellant, Edward Warren Rose, after conviction in a non-jury trial of unlawful possession of lottery tickets with the intent to sell and maintaining punch boards used for gambling purposes; and from the denial of post-trial motions.

As a result of a search of appellant's car pursuant to a search warrant the arresting officers found cases of lottery tickets, punch boards, price lists and a notebook with locations, by name, address and phone number in the vicinity of the arrest.

The issue raised in this appeal is the sufficiency of the evidence to sustain the verdict of the court below.

The Act of 1972, December 6, P.L. 1482, No. 334, § 1; 18 CPSA § 5512 reads in part as follows:

"(b) Offense defined.—A person is guilty of a misdemeanor of the first degree if he:

(1) sets up, or maintains, any lottery or numbers game;

(2) manufactures or prints, or sells, exposes for sale or has in his possession with intent to sell any unlawful lottery or numbers ticket or share, or any writing, token or other device purporting or intending to entitle the holder or bearer, or any other person, to any prize to be drawn or obtained in any lottery, or numbers game; or . . . ."

The Act of 1972, December 6, P.L. 1482, No. 334, § 1; 18 CPSA § 5513 reads in part, as follows:

"(a) Offense defined.—A person is guilty of a misdemeanor of the first degree if he:

(1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes, except playing cards;

(2) allows persons to collect and assemble for the purpose[s] of unlawful gambling at and place under his control;

(3) solicits or invites any person to visit any unlawful gambling place for the purpose of gambling; or

(4) being the owner, tenant, lessee or occupant of any premises, knowingly permits or suffers the same, or any part thereof, to be used for the purpose of unlawful gambling."

 The evidence in this case was clearly sufficient to convict as to possession with intent to sell. The remaining issue is whether mere possession of gambling devices, per se, is tantamount to maintaining. The court below held that mere possession and the words "maintain and possess" in Section b(1) and (2) are used interchangeably. We find this is error.

When § 5512 and § 5513, supra, are read it appears that the Legislature's intent requires more than mere possession of lottery tickets to establish guilt, i. e., intent to sell must be shown and the words maintain and possess in section b(1)

and (2) are not used interchangeably. Should possession have been intended to be a crime under § 5513(a)(1), supra, the Legislature would have said so as was done in § 5512(b)(2), supra.

The judgment of sentence as to possession with intent to sell is affirmed; and the judgment of sentence as to maintaining punch boards is arrested and the defendant discharged as to the punch boards count.

HOFFMAN and SPAETH, JJ., agree with the majority's disposition except that they would vacate the judgment of sentence for possession and remand for resentencing. *Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972).

PRICE, J., dissents and would affirm on all counts.