William C. Wilson, Sr. and Viola M. Wilson, Appellants *v.* Commonwealth of Pennsylvania, Appellee.

Argued February 4, 1982, before President Judge CRUMLISH and Judges ROGERS and DOYLE, sitting as a panel of three.

*Daniel W. Shoemaker*, with him *Barbara Orsburn Stump, Shoemaker, Thompson & Ness*, for appellants.

*Joel O. Sechrist, Eveler, Puckett & Trout*, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 13, 1982:

William and Viola Wilson appeal a summary conviction for the violation of a Codorus Township Sewage Ordinance. We reverse.

Section 10 of the ordinance makes it a summary offense to violate any section. They were found to have violated Section 3, which provides:

No person shall install, construct, or request bid proposals for construction or alteration of any individual sewage system or construct or request bid proposals for construction, or install or occupy any building or construction for which an individual sewage system or community sewage system is to be installed without first obtaining a permit. . . .

.In September of 1976, the Township's sewage officer visited the Wilsons' property,[1] which had no sewage system at that time. In September 1977, upon a return visit, he observed that a system had been installed.[2] No permit had been obtained.

The ordinance was enacted in April 1977. At no time in the proceedings below did the Commonwealth present any evidence as to when the system was installed. Having failed to prove that the system was installed subsequent to the enactment of the ordinance, we find reversible error on this record.[3] A contrary result would make this conviction ex post facto in violation of Art. I, §17 of our Pennsylvania Constitution and Art. I, §9 of the U.S. Constitution.

"It is clear that the legislature is free to criminalize previously noncriminal conduct." *Commonwealth v. Pickett,* 244 Pa. Superior Ct. 433, 436, 368 A.2d 799, 802 (1976). However, "a judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law...." *Bouie v. Columbia,* 378 U.S. 347, 353 (1964).

Reversed.

### ORDER

The decision of the York County Common Pleas Court, No. 106 S.C.A. 1979 dated March 5, 1980, is reversed.

---

[1] The Lees owned the property until 1978 when they sold it to the Wilsons. They continued to occupy the premises and were the sole occupants at the time this proceeding was commenced.

[2] It is clear from the record that the Wilsons were not the owners of this property at the time the sewage system was installed.

[3] The trial judge addressed only the issue of whether the term "occupy" in Section 3 of the ordinance could be read to include permitting others to occupy the premises and ignored the protests of the Wilsons' counsel that the Commonwealth had failed to present any evidence as to when this alleged violation occurred.

Judge MENCER did not participate in the decision in this case.

---

CONCURRING OPINION BY JUDGE DOYLE:

I concur in the result reached by the Court, but feel I must disagree with the reasoning which bases the decision on the constitutional safeguard against the ex post facto application of the Ordinance. Section 3 of the Ordinance in question was clearly intended for prospective application only and would apply only to persons who ''occupy any building or construction for which an individual sewage system . . . is *to be* installed. . . .'' (emphasis added). The mere occupancy of a structure without the necessary action of installation, would not be violative of the Ordinance.

Since the Wilsons neither owned nor occupied the premises when the sewage system was installed, the conviction cannot stand.