448 A.2d 1077

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**ONE ELECTRONIC POKER GAME MACHINE and One Electronic Blackjack Game Machine.**

**COMMONWEALTH of Pennsylvania**

**v.**

**TWO ELECTRONIC POKER GAME MACHINES and One Electronic Blackjack Machine.**

**Appeal of KING AMUSEMENT COMPANY, INC.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1981.

Filed July 9, 1982.

Petition for Allowance of Appeal Granted Sept. 30 and Oct. 12, 1982.

Richard R. Tomsho, Assistant District Attorney, Allentown, for appellant (at No. 1209) and for appellee (at No. 2134).

William M. Thomas, Allentown, for appellant (at No. 2134) and for One Electronic, appellee (at No. 1209).

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

CAVANAUGH, Judge:

This case involves two appeals at Nos. 1209 Philadelphia, 1980 and 2134 Philadelphia, 1980, which were consolidated for argument before a panel of this court. We shall dispose of both appeals in this opinion.

I

*Appeal at No. 1209 Philadelphia, 1980*

In January, 1980, the police seized an electronic poker game and an electronic blackjack game located at the Liberty Fire Company Social Club in Allentown, Lehigh County, pursuant to a search warrant. The Commonwealth filed a petition to have the machines forfeited to the state under the authority of The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S.A. § 5513(b).[1] There was no evidence that the machines seized at the Liberty Fire Company Social Club were being used for gambling purposes. The court below found that the machines seized were not gaming devices *per se* and could be used for amusement purposes, and therefore dismissed the petition. The Commonwealth has appealed to this court from the order of dismissal.

The machines involved in this appeal simulate the games of poker and blackjack. To play a game the player must either insert from one to eight quarters or have accumulated sufficient "skill points" from previous games. Consideration is required to play the games either in the form of coins or skill points. There are no rewards to the player who wins other than the award of skill points which can be used towards playing future games.

1. The Crimes Code, 18 Pa.C.S.A. § 5513(b) provides:
   (b) Confiscation of gambling devices.—Any gambling device possessed or used in violation of the provisions of subsection (a) of this section shall be seized and forfeited to the Commonwealth. All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of intoxicating liquor shall apply to seizures and forfeitures under the provisions of this section.

The law is very restrictive as to what type of machine may be forefeited to the Commonwealth under § 5513(b) of The Crimes Code. As pointed out in *Nu-Ken Novelty, Inc. v. Heller*, 220 Pa.Super. 431, 433, 288 A.2d 919, 920 (1972) unless it is shown that the machines are actually used for gambling then:

the machines cannot be forfeited unless they are so intrinsically connected with gambling as to constitute gaming devices per se. *Friedberg Appeal*, 208 Pa.Super. 312, 222 A.2d 509 (1966). A machine is a gaming device per se if it can be used for no purpose other than gambling. *Friedberg*, supra; *Commonwealth v. Joyce*, 78 York 157 (1965). The mere fact that a machine involves a substantial element of chance is insufficient to condemn it as a gaming device. *Wigton's Return*, 151 Pa.Super. 337, 30 A.2d 352 (1943).

■ The sole question before us is whether the electronic poker and blackjack card game machines involved in this case are illegal gaming devices *per se.* The court below found that they were not, and we agree. The case before us is controlled by the recent Superior Court decision in *Commonwealth v. One Electro-Sport Draw Poker Machine*, 297 Pa.Super. 54, 443 A.2d 295 (1981) which determined that an electronic poker machine similar to the one used in this case is not a gaming device per se. This court relied on the decision of *Nu-Ken Novelty, Inc. v. Heller, supra.*

It is clear to us that the gaming devices in this case could be used for entertainment and amusement purposes and for other purposes besides gambling. Certainly, some skill is required in the playing of blackjack and poker. This court pointed out in *Commonwealth of Pennsylvania v. One Electro-Sport Draw Poker Machine, supra*, 297 Pa.Superior 59, 443 A.2d at 298:

Draw poker involves far more than a mere glance at the faces of cards, whether they appear on pieces of pasteboard, or on a viewing screen. Skill is exercised in choosing which cards to hold, in deciding which to discard, in considering whether to stand pat and in weighing the

probabilities of drawing the desired card. It is disingenuous to compare the Draw Poker Machine to a game in which the player merely inserts a coin and waits for bells, bars, cherries, oranges etc., to match up.

The court below aptly pointed out at page 8 of its opinion:

Unlike a slot machine which does operate by pure chance, a knowledge of mathematical probabilities would be an asset in playing either poker or blackjack. To that extent, and for those so inclined, a certain intellectual stimulation can be attained in playing these machines.

We recognize that the Commonwealth Court has reached a conclusion which is diametrically opposed to our own in *Commonwealth v. Nine Mills Mechanical Slot Machines*, 62 Pa.Commw. 397, 437 A.2d 67 (1981). In that case, The Commonwealth Court found that an electronic draw poker machine is a gambling device *per se*. The Commonwealth court's opinion is not persuasive in our case for two reasons. First, the Commonwealth Court ignored the requirement that a machine is a gaming device per se only if it can be used for no purpose other than gambling as set forth in *Nu-Ken Novelty Company, Inc. v. Heller, supra*. Further, the Commonwealth Court found that the machines forfeited were actually used for gambling purposes and the court noted that even if the draw poker machine was not a gambling device *per se* it would still be subject to confiscation and forfeiture under § 5513(b) of The Crimes Code. In the case before us there was no evidence that the machines were being used for gambling purposes and in the absence of being gaming devices *per se* they were not subject to forfeiture.

## II

### *Appeal at No. 2134 Philadelphia, 1980*

This appeal involves the seizure (and subsequent forfeiture) of two electronic poker game machines and one electronic blackjack machine at the Franklin Social Club in January, 1980. In addition to the machines seized by the

police at the Franklin Club, the officers also seized several slips of paper located in the cash box at the club's bar. The court below found that the machines were not gambling devices *per se* but that they were used for the illegal purpose of gambling. Since the intervenor, The King Amusement Machine Company, Inc., appellant in this appeal, did not produce evidence that the machines were being lawfully used the court below directed forfeiture of the machines.[2]

▪ King Amusement Machine Company, Inc. argues that the Commonwealth did not produce sufficient evidence to demonstrate that the machines that were forfeited were used for gambling purposes. Forfeiture proceedings are *in rem* and the Commonwealth is not held to the same degree of proof required in a criminal trial. Forfeiture is proper if from the testimony the hearing judge could reasonably infer that the seized property was an integral part of gambling activities. *Pannulla v. Rosenberg,* 171 Pa.Super. 233, 90 A.2d 267 (1952). The court below had no difficulty in concluding that the six slips seized were tallies of the day's payouts on the various machines. The court noted that the first slip was a list of the amounts of money to be paid for a given number of "skill points" accumulated on the machines. In the court's opinion there was conclusive evidence that the machines at the Franklin Club were actually used for gambling and we agree.

The appellant has not met its burden of establishing that the machines in question were not used for unlawful purposes. In fact it admits in its brief that it did not "present affirmative evidence of innocence." It argues that it is clothed with a presumption of innocence and need not intro-

---

**2.** The Crimes Code, 18 Pa.C.S.A. § 5513(b) provides that forfeiture proceedings in gambling cases shall be the same as in those involving liquor. The Liquor Code, Act of April 12, 1951, P.L. 90 as amended, 47 P.S. § 6–602(e) deals with forfeiture proceedings and provides:

> (e) At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (1) that he is the owner of said property, (2) that he lawfully acquired the same, and (3) that it was not unlawfully used or possessed.

duce evidence to establish that it was unaware that the machines were being used for unlawful purposes. This argument ignores the statute pertaining to forfeiture which places the burden on the property owner of establishing the innocent use of the machines. The grant of a petition for forfeiture is a matter within the discretion of the court of common pleas and we will reverse only if there has been an abuse of discretion. *Commonwealth v. One 1972 Ford Pickup Truck*, 49 Pa.Cmwlth. 600, 411 A.2d 892 (1980). *See also Commonwealth v. One 1958 Oldsmobile Sedan*, 194 Super. 352, 168 A.2d 776 (1961). In the circumstances of this case we find no abuse of discretion.

Orders affirmed.