In the Matter of Revocation of Restaurant Liquor License No. R-11533, Amusement Permit No. AP-23185 and Sunday Sales Permit No. SS-4392 Issued to Edward J. and Kathryn Griffin, t/a Magoo's, 3321-23 B Street, Philadelphia, Pa. 19134. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued September 25, 1978, before Judges CRUM-
LISH, JR., WILKINSON, JR., and MACPHAIL, sitting as
a panel of three.

*J. Leonard Langan,* Assistant Attorney General,
with him *Harry Bowytz,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE MACPHAIL, November 27, 1978:

On June 7, 1976, the Pennsylvania Liquor Control
Board (Board) issued an order suspending the res-
taurant liquor license of Edward J. and Kathryn
Griffin (Licensees) for a period of three (3) days,
effective July 1, 1976, "and thereafter until the li-
censees have corrected the unsanitary conditions
which caused the citation to be issued." On July 6,
1976, the Licensees served beer to a Board officer.
As of that date, the license in question had not been
restored.[1] Subsequently, a citation was issued against
the Licensees for selling alcoholic beverages during
a time when the license was suspended. After a hear-
ing, the Board found that the averments in the cita-

---

[1] It was restored on July 8, 1976.

tion had been sustained and imposed a fine upon the Licensees of $350.00. An appeal was then taken to the Court of Common Pleas of the First Judicial District. After a hearing, that Court vacated the order of the Board. In its memorandum opinion the Court held that the Licensees had fully complied with the Board's order, *i.e.*, the conditions which caused the license to be suspended had been corrected and the premises had been closed for five (5) days (instead of three).

Even though there is evidence from which the learned trial judge could make the findings upon which he based his order to vacate the order of the Board, the fact remains that the Licensees sold alcoholic beverages at a time when they did not have a license, for whatever reason. Section 492(2) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-492(2), states:

It shall be unlawful—

. . . .

(2) Sales of Malt or Brewed Beverages for Consumption on the Premises. For any person to sell to another for consumption upon the premises where sold or to permit another to consume upon the premises where sold, any malt or brewed beverages, unless such person holds a valid retail dispenser license or a valid liquor license issued by the board authorizing the sale of malt or brewed beverages for consumption upon such premises.

Hence, whether the alleged unsanitary conditions were corrected or not,[2] the Licensees could not legally dispense alcoholic beverages until their license was physically restored.

---

[2] We do note that the Licensees did not have their health certificate reissued until July 7, 1978.

Accordingly, we must reverse.

ORDER

AND Now, this 27th day of November, 1978, the order of the Court of Common Pleas of the First Judicial District of Pennsylvania, Trial Division, dated May 2, 1977, is reversed and the order of the Pennsylvania Liquor Control Board, dated November 22, 1976, is reinstated.