590 A.2d 1379

**COMMONWEALTH of Pennsylvania**

**v.**

**Terry L. BERRESFORD and Commonwealth of Pennsylvania, Bureau of Liquor Control Enforcement of the Pennsylvania State Police and Various Cases and Kegs of Malt and Brewed Beverages and U.S. Currency Seized From Darlington Distributing Co. of November 8, 1989.**

**Appeal of COMMONWEALTH of Pennsylvania, BUREAU OF LIQUOR CONTROL ENFORCEMENT OF the PENNSYLVANIA STATE POLICE.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 1, 1991.

Decided May 8, 1991.

Joseph S. Rengert, Chief Counsel, with him, Stanley J. Wolowski, Asst. Counsel, for appellant.

No appearance for appellee.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

COLINS, Judge.

The Bureau of Liquor Control Enforcement of the Pennsylvania State Police (Bureau) appeals a decision of the Court of Common Pleas of Beaver County (trial court), ordering the forfeiture and destruction of two cases of beer

purchased by an enforcement officer on November 1, 1989 and November 7, 1989, and the dismissal of the Bureau's petition for forfeiture of all other property in this matter.

Michael Berresford (Berresford) is the owner of the Darlington Distributing Co. of Beaver County, Pennsylvania, a licensed beer distributorship. On October 17, 1989, the Sheriff of Beaver County, pursuant to a writ of execution on a money judgment, seized Berresford's license and physically removed it from the licensed premises. The record indicates that the license was not returned to Berresford's premises and that it was delivered to the Pennsylvania Liquor Control Board (Board) for safekeeping by the Sheriff of Beaver County.

This case arises out of an undercover investigation made by the Bureau pertaining to allegations that Berresford continued to sell beer and other malt beverages without a license. On November 1, 1989, Bureau Agent Johnson made an undercover visit to the premises and purchased one case of Iron City Beer from stock which was apparently to be sold to the public and paid $10.50 cash, which was stored in a cash box after the transaction. On November 7, 1989, a second undercover visit was made and a second case of beer was purchased for $10.50. On November 8, 1989, Agent Johnson executed a search warrant and seized all of the beer on the premises, including 8 kegs and 112 cases of beer and $57.46 cash.

Terry L. Berresford (employee) an employee of the distributing company was arrested and charged with violating Section 492(3) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–492(3), which prohibits the sale of malt or brewed beverages upon a premises without a license. The employee was found not guilty on both counts pertaining to the November 1, 1989 and November 7, 1989 sales, and his counsel made a motion seeking the return of all the goods seized as a result of the not guilty verdict.

■ The trial court issued an order requiring the return of the items seized; however, this order was stayed pending an administrative hearing before the Board. The day before the hearing before the Board, which was scheduled for April 26, 1990, counsel for the Bureau requested of the trial court a forfeiture and condemnation of the 8 kegs and 112 cases of beer and the $57.46. Preliminarily, we note that the trial court, not the Board, had original jurisdiction over the forfeiture proceeding, pursuant to Section 602 of the Code,[1] which states: "The proceedings for forfeiture or condemnation of all property shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the court of common pleas, verified by oath or affirmation of any officer or citizen...."[2] The trial court based its decision solely upon legal conclusions as to the facts before it which were essentially uncontested regarding the situs and storage of the property in question. The trial court ordered the forfeiture of the two cases of beer pertaining to the November 1, 1989 and November 7, 1989 sales; however, it dismissed the Bureau's petition for forfeiture of all other property and money.

■ The issue to be decided is whether the 8 kegs and 112 cases of beer and the $57.46 were subject to forfeiture. The Bureau argues that the inventory and money seized were unlawfully possessed for the purpose of engaging in the illegal sale of alcohol. Therefore, because the beer and money were integral ingredients necessary to conduct the illegal operation, they are subject to forfeiture according to Section 601 of the Code, which provides for the forfeiture of property that is unlawfully used or possessed.[3]

We begin our analysis by examining Section 492(3) of the Code which states, in pertinent part: "It shall be unlawful ... [f]or any person, to sell to another any malt or brewed beverages not for consumption upon the premises where

1. 47 P.S. § 6–602.
2. *Id.*
3. 47 P.S. § 6–601.

sold, unless such person holds a valid license permitting such sale." [4] Section 441(c) of the Code is also relevant in this case and states: "No distributor or importing distributor shall maintain or operate any place where sales are made other than that for which the license is granted." [5]

When read together, the obvious intent of both of these sections is that, in order to operate a beer distributorship, (a place where sales are made), the distributor must have a license. Section 467 of the Code [6] further requires that "every license issued under this article shall be constantly and conspicuously exposed under transparent substance on the licensed premises and no license shall authorize sales until this section has been complied with." *Id.* Hence, the Code makes it clear that a licensee must physically possess and display his or her license. *See also Griffin Liquor License Case,* 38 Pa.Commonwealth Ct. 596, 394 A.2d 676 (1978).

The facts of this case indicate that Berresford violated all three of the above-cited sections of the Code. On November 1, 1989 and November 7, 1989, he sold beer to Agent Johnson without the physical possession and display of his liquor license, which had been seized to satisfy a money judgment in another case. Without a license, Berresford's entire operation of his distributorship was in violation of the Code. His inventory, some of which, according to testimony in the record, was located on display for public consumption and some of which was stored in coolers because people like to buy cold beers, was an integral part of this operation. Therefore, it was illegally used and illegally possessed for the purpose of operating a beer distributorship without a license. As a result, this beer is subject to forfeiture according to Section 601 of the Code, which provides in relevant part: "No property right shall exist in any ... malt or brewed beverage illegally manufactured or possessed ..., and the same shall be deemed contraband

4. 47 P.S. § 4-492(3).
5. 47 P.S. § 4-441(c).
6. 47 P.S. § 4-467.

and the proceedings for its forfeiture to the Commonwealth may be instituted in the manner herein provided."[7]

We note that it would defeat the purpose of this Code (which is to prevent the sale of alcohol and brewed beverages without license) to allow Berresford to keep the majority of his inventory and continue to maintain his distributorship business without a license.

We reiterate and emphasize that the inventory, including the 8 kegs and 112 cases of beer and the $57.46 in cash, were integral parts of Berresford's operation of his distributorship without a license, in clear violation of Section 441, which prohibits the maintenance or operation of a distributorship, without a license. Our analysis here is similar to that used by this Court in gambling cases, where we have held that forfeiture is proper when a judge can reasonably infer that the seized property was an integral part of gambling activities. *Commonwealth v. McDermond,* 127 Pa.Commonwealth Ct. 17, 560 A.2d 901 (1989) and *Commonwealth v. One Electronic Poker Game Machine,* 302 Pa.Superior Ct. 350, 448 A.2d 1077 (1982), *aff'd,* 502 Pa. 186, 465 A.2d 973 (1983).

Specifically, in *McDermond,* the Commonwealth was authorized to seize $9,200.00 which was found on the person of a defendant charged with operating an illegal gambling operation. This money was subject to forfeiture, in spite of the fact that it was not labeled "gambling money," and the Court held that direct empirical evidence linking the money to the operation is not necessary in order for the property to be subject to forfeiture. *Id.,* 127 Pa.Commonwealth Ct. at 25, 560 A.2d 905. According to *McDermond,* the Commonwealth must prove that the money was an integral part of the illegal operation by a preponderance of the evidence (both direct and circumstantial). *Id.*

Testimony of Agent Johnson indicates that: at least $21.00 of the $57.46 are proceeds from the two illegal sales of beer on November 1, 1989 and November 7, 1989; and

7. 47 P.S. § 6–601.

that when he purchased the two cases of beer, his money was placed in the cash box, from which the entire $57.46 was seized. Agent Johnson's testimony also indicates that the change during the transactions was from the same cash box where his original money had been placed. This testimony indicates that the cash box was used to store change for future sales, and it was used to store proceeds from sales. Therefore, we find that it was an integral part of Berresford's operation to sell beer and malt beverages without a license. Hence, we find that the $57.46 was subject to forfeiture in this case.

Section 602 of the Code[8] provides in pertinent part:

(a) The proceedings for the forfeiture or condemnation of all property shall be in rem, in which the Commonwealth shall be the plaintiff and the property the defendant. A petition shall be filed in the Court of Common Pleas....

. . . . .

(d) Upon the filing of any claim for said property, setting forth a right of possession thereof, the case shall be deemed at issue and a time be fixed for the hearing thereof.

(e) At the time of said hearing, if the Commonwealth shall produce evidence that the property in question was unlawfully possessed or used, the burden shall be upon the claimant to show (1) that he is the owner of said property, (2) that he lawfully acquired the same, and (3) that it was not unlawfully used or possessed.

The record indicates that the Commonwealth produced unrebutted evidence that the inventory, including the 8 kegs and 112 cases of beer and the $57.46, were unlawfully used to further Berresford's operation of a distributorship without a license and that no evidence to the contrary was produced by Berresford.

Therefore, we vacate the trial court's order and remand with directions to enter an appropriate order directing the

8. 47 P.S. § 6–602.

forfeiture of the 8 kegs and 112 cases of beer, as well as the $57.46.

## ORDER

AND NOW, this 8th day of May, 1991, the order of the Court of Common Pleas of Beaver County is vacated and this matter is remanded with directions to enter an appropriate order directing the forfeiture of the 8 kegs and 112 cases of beer, as well as the $57.46.

Jurisdiction relinquished.